**In re Multidistrict Litigation Resulting From the SEEBURG–COMMONWEALTH UNITED MERGER.**

**Docket No. 37.**

Judicial Panel on Multidistrict Litigation.

May 4, 1970.

OPINION AND ORDER

PER CURIAM.

There are two principal corporate parties to this multidistrict litigation. They are Commonwealth United Corporation ("Commonwealth" hereinafter) and Seeburg Corporation ("Seeburg" hereinafter). The twelve actions listed on Schedule A have been brought by stockholders of Commonwealth individually, as representatives of a class composed of all stockholders and derivatively on behalf of the corporation itself.[1]

---

\* Although Judge Robson did not attend the hearing, he has with the consent of all parties participated in this decision.

1. These actions are referred to as the *Commonwealth Cases.*

Commonwealth and Kleiner Bell & Company, Commonwealth's investment broker and financial consultant, are defendants in all these actions. Various officers and directors of Commonwealth, Arthur Young & Company, Commonwealth's accountants, 140 Associates and Investors Overseas Services, Ltd. (IOS), are defendants in many of these actions.

The four actions listed on Schedule B are brought by the stockholders of Seeburg individually, as representatives of a class composed of all Seeburg stockholders and derivatively on behalf of the corporation itself.[2] Commonwealth, Seeburg, the Seeburg Corporation of Delaware, Mr. Delbert W. Coleman[3] and Mr. Louis J. Nicastro[4] are defendants in each of these actions.

On February 2, 1970, the parties in most of these actions were ordered to show cause why these actions should not be transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.[5] Notice was given to all parties and a plenary hearing was held in New York City on February 27, 1970. The views of all parties with respect to the proposed transfer were fully presented at this hearing.

Several parties contended that there were many factual issues common to both groups of cases and they urge that *all actions* be transferred to the same district, preferably the Southern District of New York, for coordinated or consolidated pretrial proceedings. This position was most strongly advocated by counsel for the common defendants—Commonwealth, Seeburg and several individual defendants, particularly Louis J. Nicastro.

Other parties urged that there are few if any questions of fact common to *both groups* of cases and they contend that the consolidation of the two groups for pretrial proceedings *in any district* would deter the prompt and efficient conduct of both groups of cases. This view was presented most strongly by counsel for *Kleiner Bell* and by general counsel for the plaintiffs in the consolidated New York actions.[6]

A third divergent view was taken by counsel for the plaintiffs in the *Seeburg Cases* pending in the Northern District of Illinois and by counsel for Delbert W. Coleman. They urge that the *Seeburg Cases* independently present substantial common questions of fact and should be consolidated in a single district, preferably the Northern District of Illinois. They also suggest that it might be desirable to transfer the *Commonwealth Cases* to the Northern District of Illinois also.

It is readily apparent that these two groups of cases share substantial common questions of fact. In addition to Commonwealth, the principal defendant in *all actions*, some ten individuals are defendants in actions falling into both groups. It is quite likely that extensive discovery in both groups of cases will focus on the records of Commonwealth and the testimony of the ten individual defendants. It is also asserted that the acquisition of Seeburg by Commonwealth was part of a continuing scheme to en-

---

2. These actions are generally referred to as the *Seeburg Cases.*

3. Coleman was Chairman of Seeburg's Board of Directors and its chief executive officer. He is not a defendant in any of the *Commonwealth Cases.*

4. Nicastro was a Director of Seeburg and its President. He was also a Director of Commonwealth and is now its President. He is a defendant in nine of the *Commonwealth Cases.*

5. This order was subsequently amended to include all other related actions pending at that time.

6. Six of the *Commonwealth Cases* filed in the United States District Court for the Southern District of New York have been consolidated, general counsel have been appointed (one for the class action claims and the other for the derivative claims) and a consolidated amended complaint has been filed on behalf of all plaintiffs in these six actions. Any conflict between this consolidation and the class action approved by the Northern District of Alabama or any other class action claims, can be resolved by the transferee judge.

rich *insiders* to the detriment of the general stockholders of both companies. While this alleged scheme is the central issue of the *Seeburg Cases*, it is not without importance to the *Commonwealth Cases*.

However, this commonality is said to be negated by potential conflict of interest between the two groups of plaintiffs [7] and the possibility that the pretrial of the *Seeburg Cases*, which are more limited in scope than the *Commonwealth Cases*, would be hampered and engulfed by the pretrial of the more intricate, more complex and broader issues of the *Commonwealth Cases*.

The parties generally agree, and we find, that the two groups of cases involve substantial common questions of fact; that either group, by itself, is appropriate for transfer to a single district for coordinated or consolidated pretrial proceedings under Section 1407; and that while the two groups of cases may be combined for some pretrial proceedings, such proceedings should be conducted by a judge familiar with both groups of cases and sensitive to the needs and rights of all parties. Obviously this could best be accomplished by assigning both groups to the same judge, in the same transferee district.

Considering the Seeburg group of cases and the Commonwealth group of cases as related multidistrict litigation involving one or more common questions of fact, the choice of transferee forums can first be narrowed to the Northern District of Illinois and the Southern District of New York. While the *Seeburg Cases* considered alone could be transferred to the Northern District of Illinois under statutory standards, the two groups of cases transferred simultaneously should be transferred to the Southern District of New York because of the greater number of cases pending in the Southern District of New York and other connections of the litigations with the Southern District of New York.

This situation is not unlike the one recently presented in the In re Revenue Properties Litigation, 309 F.Supp. 1002 (JPML February 27, 1970). That litigation also had two distinct segments. We transferred them to a single district in which consolidated or coordinated pretrial proceedings could be conducted at the discretion of the transferee court. However, to insure maximum continuity and to avoid conflict, real or imaginary, both groups were assigned to the same judge. We proposed to do the same thing here. The transferee judge may then consolidate and coordinate the pretrial proceedings in the two groups of cases to the extent he may deem consolidation or coordination desirable to serve the convenience of parties and witnesses and to promote the just and efficient conduct of such actions.

The Honorable Frank H. McFadden of the Northern District of Alabama, who has been assigned to the Southern District of New York, has agreed to conduct the pretrial proceedings in both groups of litigation in the Southern District of New York. The *Commonwealth Case* before Judge McFadden in the Northern District of Alabama is the most advanced in pretrial preparation of all the cases. As a result Judge McFadden is thoroughly familiar with that aspect of this multidistrict litigation. The assignment to Judge McFadden of both groups of cases has been approved by the transferee court as evidenced by the written consent signed by Chief Judge Sidney Sugarman of the Southern District of New York filed with the Clerk of the Panel.

It is therefore ordered that the actions listed on Schedule A pending in other districts are hereby transferred to the Southern District of New York and assigned to the Honorable Frank H. McFadden for coordinated or consolidated pretrial proceedings under Section 1407.

7. The *Seeburg plaintiffs* are seeking to rescind or cancel the Seeburg-Commonwealth merger while the *Commonwealth* *plaintiff* might favor the merger since Seeburg is allegedly Commonwealth's most valuable asset.

It is further ordered that the actions listed on Schedule B pending in other districts are hereby transferred to the Southern District of New York and assigned to the Honorable Frank H. McFadden for coordinated or consolidated pretrial proceedings under Section 1407.

## SCHEDULE A

### Southern District of New York

| | |
|---|---|
| Stephen J. Duskin, et al. v. A. Bruce Rozet, et al. | Civil Action No. 69 Civ 5735 |
| Sherelee Land v. Commonwealth United, et al. | Civil Action No. 69 Civ 3726 |
| Sidney Abbey, et al. v. A. Bruce Rozet, et al. | Civil Action No. 69 Civ 3782 |
| Irving Baum v. Commonwealth United Corp., et al. | Civil Action No. 69 Civ 4340 |
| Benjamin B. Leinoff v. Commonwealth United Corp., et al. | Civil Action No. 69 Civ 4780 |
| Christian Teuchtler, et al. v. Howard D. Martin, et al. | Civil Action No. 69 Civ 5022 |
| Charles Nemarow, et al. v. A. Bruce Rozet, et al. | Civil Action No. 69 Civ 4342 |
| Ann Wildman v. Commonwealth United Corp., et al. | Civil Action No. 69 Civ 5306 |
| Robert D. Silverman, et al. v. Commonwealth United Corp., et al. | Civil Action No. 69 Civ 5328 |

### Central District of California

| | |
|---|---|
| Clarence D. Firstenberg v. Commonwealth United Corp., et al. | Civil Action No. 69–1389–WPG |
| Jerry Pierce v. Commonwealth United Corp., et al. | Civil Action No. 69–1339–WPG |

### Northern District of Alabama

| | |
|---|---|
| Robert R. Jennings, etc. v. Commonwealth United Corp., et al. | Civil Action No. CA 69–661 |

## SCHEDULE B

### Northern District of Illinois

| | |
|---|---|
| John Stuparitz, et al. v. Seeburg Corp., et al. | Civil Action No. 69 C 2621 |
| Morton Teitelbaum v. Seeburg Corp., et al. | Civil Action No. 70 C 360 |

### Southern District of New York

| | |
|---|---|
| Albert Fried & Co. v. Commonwealth United Corp., et al. | Civil Action No. 69 Civ 5736 |

### District of Delaware

| | |
|---|---|
| Mollie H. Sanders v. Seeburg Corp., et al. | Civil Action No. 3834 |