**In re Multidistrict Litigation resulting from the SEEBURG–COMMONWEALTH UNITED MERGER.**

*E. Baden Powell & Jean Marvin Powell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.,* Central District of California, Civil Action No. 71–1228–F.

**No. 37.**

Judicial Panel on Multidistrict Litigation.

Sept. 1, 1971.

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

On May 4, 1970 certain actions brought by stockholders and former stockholders of the Commonwealth United Corporation and the Seeburg Corporation were transferred to the Southern District of New York and assigned to Judge McFadden for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *In re Seeburg-Commonwealth United Merger Litigation,* 312 F.Supp. 909 (J.P.M.L.1970). The above action, filed in the Central District of California in May, was the subject of a "Conditional Transfer Order"[1] entered in June. One of the parties objected to the proposed transfer of this action to the Southern District of New York and the transfer was stayed pending a hearing held in Denver on July 30, 1971.

The plaintiffs in this action assert that they purchased stock in Commonwealth United Corporation (hereinafter CUC) through and at the recommendation of Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter Merrill Lynch). The named defendants are Merrill Lynch; CUC; Kleiner, Bell & Co., Inc. and certain individual officers of Kleiner, Bell. The action was brought as a class action, presumably under Rule 23

---

* Although Judge Wisdom and Judge Lord were not present at the hearing they have, with the consent of all parties, participated in this decision.

1. See Rule 12, Rules of Procedure of the Judicial Panel on Multidistrict Litigation (Sept. 1, 1970).

F.R.C.P., on behalf of the Powells and "all other persons similarly situated (estimated to be more than 1,000 who purchased 'CUC' stock from 'Merrill Lynch' during the periods between December 1, 1968 through May 20, 1970. * * *" Each of the defendants is charged, *inter alia*, with participating in a "fraudulent course of conduct" in violation of the Section 10B of the Security Exchange Act of 1934 and the laws of the State of California.

Merrill Lynch opposes the transfer of this action to the Southern District of New York but the other defendants strongly endorse transfer. The plaintiffs have apparently taken no position with respect to the proposed transfer for they did not file a response to the motion to vacate nor did they appear at the hearing in Denver, Colorado on July 30, 1971.

Merrill Lynch is not now a party to the coordinated or consolidated pretrial proceedings being conducted by Judge McFadden in the Southern District of New York. It was a named defendant in a prior action which the Panel declined to transfer to the Southern District of New York.[2] Merrill Lynch relies on the prior decision of the Panel in that case in support of its motion to vacate the Conditional Transfer Order here. There is, however, a fundamental difference between these two cases which makes it inappropriate to grant Merrill Lynch's request. Merrill Lynch was the only defendant in the *Jennings* case and while it too involved the sale of CUC stock, discovery was thought to be essentially limited to statements made by agents of Merrill Lynch to the *Jennings* plaintiffs. It is true—as Merrill Lynch asserts—that the instant action involves claims not materially unlike those presented in the *Jennings* case but the difference is that this action goes much further and charges Merrill Lynch with conspiring with the other defendants, all of whom are parties in the litigation now in New York, to misrepresent the value and manipulate the price of CUC stock. The *Powell* complaint, unlike the *Jennings* complaint, attempts to bring Merrill Lynch into the alleged illegal activity which is the basis of the actions which have been transferred to New York.

Merrill Lynch recognizes this essential difference but urges that the "thrust, direction and weight of the factual issues raised in the *Powell* complaint relate to the conduct of Merrill Lynch in selling CUC shares to the Powells 'and to others similarly situated.'" The other defendants dispute the inference that they are only secondarily involved in this law suit and point out that the plaintiffs have shown no inclination to dismiss them from this action. If there is to be a transfer Merrill Lynch suggests that the claims against it be severed and left in Los Angeles while the claims against the other defendants are transferred to New York. This suggestion overlooks the fact that the complaint is not limited to allegations that each defendant individually and independently acted wrongfully with regard to CUC stock but also includes an allegation that the defendants acted in concert in manipulating CUC stock. Even if it were possible to separate the claims against Merrill Lynch and leave them in California, Merrill Lynch would undoubtedly be involved in the discovery in New York at least with respect to the role it allegedly played in this conspiracy.[3]

---

2. Robert H. Jennings, etc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., N.D.Ala., No. CA 70–120.

3. This is not to say, of course, that Merrill Lynch must participate to an equal degree with the other defendants in coordinated or consolidated pretrial proceedings. It may be that the claims against it can be isolated and determined prior to the completion of pretrial proceedings in the other actions. The transferee judge has the flexibility to resolve threshold issues which could determine the necessity for a particular party's continued presence and participation in the pretrial proceedings. Even if such issues cannot be resolved during pretrial

It seems quite clear from the pleadings as *they presently stand* that this action involves numerous, substantial and complex questions of fact common to most if not all of the actions involved in the coordinated or consolidated pretrial proceedings now being conducted in New York. We do not believe that Merrill Lynch would be seriously inconvenienced by the transfer of this action from Los Angeles to New York City where its principal offices are located. On the other hand, the other defendants would be seriously inconvenienced if they had to participate in pretrial proceedings being conducted by two different federal courts.

It is therefore ordered that the above action be and the same is hereby transferred to the United States District Court for the Southern District of New York and with the prior consent of that court, it is hereby assigned to the Honorable Frank M. McFadden for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

proceedings, the transferee judge may recommend that the action be remanded prior to the completion of pretrial proceedings in other cases. For example, if the plaintiffs decided to amend their complaint to narrow the issues presented they could ask the transferee judge to recommend to the Panel that the action be remanded to the court of origin as soon as common discovery is complete.