**In re Multidistrict Litigation Resulting From The SEEBURG–COMMON-WEALTH UNITED MERGER.**

*O'Daniel, et al. v. Commonwealth United Corp., et al.,* Western District of Arkansas, Civil Action No. ED–71–C–15.

*Berry Petroleum Co. v. Commonwealth United Corp., et al.,* Western District of Arkansas, Civil Action No. ED–70–C–58.

**No. 37.**

Judicial Panel on Multidistrict Litigation.

Oct. 20, 1971.

Before ALFRED P. MURRAH, Chairman [*], and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

By previous Order and Opinion the Panel transferred sixteen actions brought by stockholders and former stockholders of the Commonwealth United Corp. and the Seeburg Corporation to the Southern District of New York for coordinated or consolidated pretrial proceedings before Judge Frank H. McFad-

---

[*] Although Judge Murrah was not present at the hearing he has, with the consent of all parties, participated in this decision.

den. In re Seeburg-Commonwealth United Litigation, 312 F.Supp. 909 (J.P.M.L. 1970). Since that time seven additional actions have been transferred to that District. See, e. g., In re Seeburg-Commonwealth United Litigation, 331 F. Supp. 552 (J.P.M.L. Sept. 1, 1971). Commonwealth United has now requested the Panel to transfer two actions pending in the Western District of Arkansas to the Southern District of New York for co-ordinated or consolidated pretrial proceedings with the other cases.

The Arkansas cases arise out of Commonwealth's acquisition of the assets of Berry Petroleum, an Arkansas corporation, in exchange for Commonwealth's stock in 1968. After this exchange, Berry was dissolved and the Commonwealth stock received was distributed to Berry's shareholders. Commonwealth placed Berry's assets in a new Berry Petroleum Corporation, which has since been sold to a third-party. The O'Daniel action is brought on behalf of the class of Commonwealth shareholders acquiring their shares as a part of the Berry exchange; the Berry action is brought by the now defunct Berry Corporation; and both seek to rescind the Berry transactions on the basis of the defendants' alleged misrepresentations in connection with the exchange.[1]

Commonwealth asserted in its motion that there were many questions of fact common to the Arkansas complaints and the consolidated Land-Jennings complaint filed on behalf of all plaintiffs in the transferred cases in New York. Both Arkansas complaints were said to allege a conspiracy to manipulate the market price of Commonwealth stock in order to induce the Berry stockholders to ratify the exchange of assets for stock. Similar general allegations of manipulations are made in the Land-Jennings complaint. In addition, Commonwealth pointed out that the Land-Jennings complaint seeks to represent a class of shareholders which would include the class decribed in O'Daniel.

After the filing of the Commonwealth motion, the plaintiffs in O'Daniel received permission to file an amended complaint, which they candidly concede was drafted to avoid Commonwealth's arguments for transfer. The plaintiffs attempted to limit the allegations to the matter of the Berry-Commonwealth transaction and eliminated all reference to acts of the defendants also alleged in the Land-Jennings complaint. Plaintiffs in O'Daniel now maintain that their action, like Berry, relates exclusively to breach of contractual representations and warranties concerning Commonwealth's condition at the time of the Berry exchange and that their discovery concerning these matters is virtually complete. And while the Berry stockholders who received Commonwealth shares may be within the class alleged in Land-Jennings, they stress that the Berry transaction was completed by the end of 1968 and before the events of principal interest to the plaintiffs in Land-Jennings.

Although Commonwealth asserts that even after amendment of O'Daniel the two actions allege a conspiracy to manipulate the price of Commonwealth stock, we have concluded that transfer of these two cases must be denied. The major issues in the Arkansas cases relate to a transaction separate and distinct from the later transactions emphasized by the Land-Jennings complaint. Although there may be some common questions of fact, the non-common issues clearly predominate. And, in addition, the plaintiffs seem to have completed their discovery efforts and are proceeding expeditiously toward trial. On these facts, we do not think the purpose of Section 1407 would be furthered by transferring these cases to New York.

It is therefore ordered that defendants' motion to transfer be denied.

---

1. O'Daniel and Berry were commenced alternatively to avoid any question concerning the standing of plaintiffs to allege the defendants' violations of Rule 10b–5 and other provisions of the securities laws.