**In re Multidistrict Private Securities Actions Involving REVENUE PROPERTIES COMPANY LIMITED.**

*Phillip Miller v. Harris, Upham & Co., Inc. and Deson Sze v. Revenue Properties Co., Ltd., et al.,* S.D. New York, Civil Action No. 71 Civ. 1332.

**No. 32.**

Judicial Panel on Multidistrict Litigation.

Oct. 20, 1971.

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman * and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

In 1970 the Panel transferred fourteen actions arising out of the issuance and sale of the securities of Revenue Properties Co., Ltd. to the District of Massachusetts for coordinated or consolidated pretrial proceedings. In re Revenue Properties Co., 309 F.Supp. 1002 (J.P.M.L.1970).[1] Upon learning of the pendency of the above-captioned action in the Southern District of New York, the Clerk of the Panel entered a Conditional Transfer Order, pursuant to Rule 12 of the Panel's Rules, 53 F.R.D. 119, stating the Panel's intention to transfer the action to the District of Massachusetts as a part of the Revenue Properties litigation. The plaintiff filed a timely opposition to the proposed transfer and has moved to vacate the Conditional Transfer Order. No response to the motion has been received from the two defendants, Harris, Upham & Co., Inc. and Deson Sze, but the third-party defendants in the action, Revenue Properties Co. and others, have filed responses favoring transfer.

Plaintiff alleges that Harris, Upham & Co. and its registered representative, Deson Sze, violated the federal securities laws in connection with the sale of 1500 shares of Revenue Properties stock to plaintiff. He describes as the gravamen of his action the allegations that the Prospectus of Revenue Properties contained misleading and untrue facts and that Harris, Upham and its representative engaged in additional material misrepresentations and omissions in connection with these sales. Plaintiff asserts that the only question of fact common to his action and the previously transferred cases concerns the truth of statements in the Revenue Properties' Prospectus which he received prior to his purchases. The remaining questions are said to be noncommon, involving the representations and omissions of Harris, Upham and its individual representative. On this basis, plaintiff concludes that only the common issues of fact, concerning the Revenue Properties Prospectus, should be transferred to Massachusetts and that the remaining issues should be left in the Southern District of New York.[2]

* Although Judges Murrah and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. Eleven related actions have been transferred to Massachusetts since the filing of the initial Opinion and Order.

2. In support of his request that only common fact issues be transferred, the plaintiff cites In re Revenue Properties Co., 314 F.Supp. 1255, 1256 n. 1, which states:

"There has been no suggestion by either party that the claims against the San

Plaintiff makes no mention of the third-party complaint which has been filed by the defendants against Revenue Properties and certain related parties. That complaint alleges that if the defendants are found to have made negligent misrepresentations, the third-party defendants are liable to them in the amount of any liability because of their primary fault in making the initial misrepresentations. The third-party defendants point out that plaintiff's proposed solution would leave the third-party action in the Southern District of New York, even though the question of Harris, Upham's investigation of and relationship with Revenue Properties would be of interest to the parties in the multidistrict cases before Judge Caffrey.

We have concluded that this case must be transferred to the District of Massachusetts for coordinated or consolidated pretrial proceedings. In past cases, we have generally found that actions against brokers for misrepresentations concerning a given corporation's stock raise questions of fact common to the derivative and representative actions brought by shareholders of that same corporation.[3] The facts of this case bring it within the general rule. The allegations of liability made against Harris, Upham and Deson Sze rest primarily on questions of fact concerning the financial affairs of Revenue Properties and duplication of discovery would most certainly result unless this case is transferred. Discovery concerning any individual misrepresentations alleged by the plaintiffs may be scheduled in the most appropriate manner by the transferee judge.

It is therefore ordered that the plaintiff's Motion to Vacate the Conditional Transfer Order is denied and it is further ordered that the above action be, and the same is, hereby transferred to the District of Massachusetts and assigned to the Honorable Andrew A. Caffrey for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

---

Francisco sales representative, apparently one John Chapman, be *separated* and remanded to the Northern District of California. We would be disposed to consider such action if favored by the parties and if not inconsistent with the goal of furthering the just and efficient conduct of this entire litigation."
While Section 1407 authorizes the separation of "any claim, cross-claim, counter-claim, or third-party claim * * *" from the remainder of an action, see e. g., In re Penn Central Securities Litigation, 325 F.Supp. 309 (J.P.M.L.1971), it provides no authority for a severance of the type contemplated by plaintiff. The language of the cited case is consistent with this statutory language.

3. In re Seeburg-Commonwealth United Litigation, 331 F.Supp. 552 (J.P.M.L. Sept. 1, 1971) ; In re Revenue Properties Co., 314 F.Supp. 1255 (J.P.M.L.1970). In a particular case, however, it may be shown that the factual allegations concerning the broker's liability are of an individual nature and that transfer is unwarranted. In re Four Seasons Securities Litigation, 331 F.Supp. 559 (J.P.M.L. Aug. 25, 1971).