### In re FOUR SEASONS SECURITIES LAWS LITIGATION.

*M. G. Development Co. v. Kohlmeyer & Co., Inc., et al., W. D. Oklahoma, Civil Action No. Civ–71–355.*

### No. 55.

Judicial Panel on Multidistrict Litigation.

April 21, 1972.

---

———◆———

Before JOHN MINOR WISDOM, ED-WARD WEINFELD, EDWIN A. ROBSON,* WILLIAM H. BECKER, JO-SEPH S. LORD, III,* and STANLEY A. WEIGEL, Judges of the Panel.*

OPINION AND ORDER

PER CURIAM.

The Panel previously transferred ten actions involving the corporate affairs of Four Seasons Nursing Centers of America, Inc., and its related corporations to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings before Judge Roszel C. Thomsen. In re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (Jud.Pan.Mult.Lit.1971). Included among the ten actions transferred was the action brought by M. G. Development Company against its stockbroker, Kohlmeyer and Company, and against Four Seasons and its individual officers and directors. Although neither M. G. Development nor Kohlmeyer responded to the Panel's order to show cause why the case should not be transferred, the Panel concluded from the allegations of the complaint that the action was a part of the litigation assigned to Judge Thomsen. Since that initial transfer, a program for the completion of discovery and resolution of other pretrial matters has been set by Judge Thomsen and adhered to by the parties.

M. G. Development Company, which has apparently not participated in the coordinated or consolidated pretrial proceedings, now seeks remand of its claim against Kohlmeyer and Company to the transferor district, the Southern District of Texas. Two of the individual director defendants and Kohlmeyer oppose plaintiff's remand motion. On the basis of the papers submitted by the parties and the hearing on this matter, we hold that plaintiff has failed to show the need for remand of its action.

Plaintiff argues that the facts supporting its claim against Kohlmeyer are different from those supporting its claim against the officers and directors of the Four Seasons companies. In its complaint, plaintiff alleges that, in recommending the securities of Four Seasons, Kohlmeyer assured plaintiff that Kohlmeyer's own research indicated Four Seasons had understated its income by not reporting receipts from

---

* Judge ALFRED P. MURRAH, Chairman of the Multidistrict Litigation Panel, took no part in these proceedings. Although Judges ROBSON and LORD were not present at the hearing, they have, with the consent of all parties, participated in this decision.

sales of franchises. Subsequent representations were allegedly made by Kohlmeyer, affirming the accuracy and reliability of reports issued by Four Seasons on the basis of independent research by Kohlmeyer. Plaintiff asserts that development of the facts surrounding these allegations will require discovery of reports in the possession of Kohlmeyer and of the extent of Kohlmeyer's participation in transactions with Four Seasons stock. Since Kohlmeyer is a defendant only in this action, plaintiff argues that this discovery can best be handled in the home district, the Southern District of Texas.

It is clear, however, that plaintiff will have to examine the records of Four Seasons in order to develop all the elements of its case and this is exactly what the plaintiffs in the other transferred actions are now doing under the supervision of Judge Thomsen. This common discovery should be completed before remand of plaintiff's claim is considered. *See,* In re Revenue Properties Litigation, 333 F.Supp. 558 (Jud. Pan.Mult.Lit.1971). It has also been suggested that plaintiffs in the multidistrict proceedings are investigating the conduct of other brokers in disseminating information concerning the Four Seasons companies. It is possible that Kohlmeyer, in preparing its defense, may wish to participate in discovery on this subject. Because of the extensive common factual areas remaining to be explored, we think it best to leave the plaintiff's action in the Western District of Oklahoma.

It is therefore ordered that the motion for remand of a portion of the action, M. G. Development Company v. The Kohlmeyer & Co., Inc., et al., W.D. Oklahoma, Civil Action No. Civ–71–355, be, and the same hereby is, denied.