**In re SEEBURG–COMMONWEALTH UNITED MERGER LITIGATION.**

*Berry Petroleum Company, et al., v. Adams & Peck, et al., Northern District of Texas, Civil Action No. CA–3–6579*

**No. 37.**

Judicial Panel on Multidistrict Litigation.
Aug. 3, 1973.

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel initially transferred sixteen actions brought by stockholders of Commonwealth United Corporation and Seeburg Corporation to the Southern District of New York and assigned them to the Honorable Frank H. McFadden, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Seeburg-Commonwealth United Merger Litigation, 312 F.Supp. 909 (Jud.Pan.Mult.Lit. 1970). Since that time, the Panel has transferred to that district additional actions which raised questions of fact common to those initially transferred. *See, e.g.,* In re Seeburg-Commonwealth United Merger Litigation, 331 F.Supp. 552 (Jud.Pan.Mult.Lit.1971). The Panel ordered the parties in the above-captioned action to show cause why that action should not be transferred to the Southern District of New York and included in the coordinated or consolidated pretrial proceedings before Judge McFadden. Plaintiffs oppose and defendants favor transfer. We find that transfer of this action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

A. *The Present Berry Action*

The above-captioned action arises from the acquisition of Berry Petroleum Company by Commonwealth United on October 31, 1968, whereby Commonwealth acquired the assets of Berry for Commonwealth stock which was then distributed to Berry's shareholders in dissolution. Plaintiffs include four former shareholders of Berry who purport to represent a class of all persons who owned Berry common stock as of October 16, 1968, and received common stock of Commonwealth in exchange. The defendants are various directors, officers and agents of Commonwealth, but Commonwealth itself is not named as a defendant.

Plaintiffs allege that defendants violated the federal securities laws in failing to state material facts or to correct misstatements of material facts in the Commonwealth prospectus issued on October 16, 1968, upon which Berry shareholders relied in approving the Berry-Commonwealth merger. It is also alleged that during the period commencing January 1, 1968, and ending December 31, 1969, defendants withheld material facts concerning Commonwealth's financial condition and disseminated financial information which was materially false and misleading.

B. *The Prior Berry Action*

Berry and three of the four shareholder plaintiffs in the above-captioned ac-

tion previously sued Commonwealth in the Western District of Arkansas.[1] The Arkansas action also concerned the merger of Berry into Commonwealth and was brought solely against Commonwealth as a class action on behalf of Berry shareholders at the time of the merger. Plaintiffs alleged breach of contractual representations and warranties concerning Commonwealth's condition at the time of the merger and sought rescission of that transaction.

The Panel denied Commonwealth's motion to transfer the action to New York under Section 1407 because plaintiffs' allegations raised only limited questions of fact common to the acts of defendants alleged by plaintiffs in the transferee district and because plaintiffs had completed their discovery and were proceeding toward trial. Seeburg-Commonwealth United Merger Litigation, 333 F.Supp. 911 (Jud.Pan.Mult.Lit. 1971). That action has since been settled and dismissed.

### C. *Status of Pretrial Proceedings in New York*

With the exception of two individual actions,[2] a consolidated complaint (the *Land-Jennings* action) was filed on behalf of all plaintiffs in the cases transferred to and pending in New York. In February 1972 Judge McFadden ordered the *Land-Jennings* action to proceed as a class action on behalf of all persons who at any time between October 16, 1968 and August 1, 1969 acquired securities issued by Commonwealth and who sustained losses thereon as a result of wrongful acts or omissions of defendants. Judge McFadden also enjoined further suits by members of that class without specific approval of the court. Notices pursuant to Rule 23, Fed.R.Civ. P., were mailed to all class members, including all former Berry shareholders

who held shares at the time of the Berry acquisition by Commonwealth.

A settlement of all claims against defendants in the *Land-Jennings* action, except Arthur Young, was approved by the court in November 1972. A specific allocation from the settlement fund was made for the Berry shareholders in conjunction with the settlement of the claims asserted against Commonwealth in the *Berry* action filed in Arkansas. Although the claims by the Land-Jennings plaintiffs against Arthur Young are still pending, we are informed that an agreement in principle to settle those claims has been reached.

The two individual actions are also pending in the transferee court. Plaintiffs generally allege that during a period similar to that alleged in the present *Berry* action Commonwealth disseminated materially false and misleading information and withheld other material information concerning its financial condition with the intent of influencing the marketability of Commonwealth Common stock.

### D. *The Question of Transfer*

Plaintiffs, who oppose transfer of the above-captioned action, argue that the allegations in their action focus on factual issues and defendants different from those involved in the actions pending in the transferee district but are, instead, similar in scope to the allegations asserted in the prior *Berry* action which the Panel declined to transfer. And plaintiffs assert that for all practical purposes discovery in the *Land-Jennings* action has terminated because of the settlement and that discovery in the two remaining actions will have nothing in common with the discovery they intend to pursue.

We are convinced, however, that transfer of this action pursuant to Sec-

---

1. Berry Petroleum Co., et al. v. Commonwealth United Corporation, W.D.Arkansas, Civil Action No. ED–70–C–58.

2. Walden Robert Cassotto a/k/a Bobby Darin v. Commonwealth United Corpora-

tion, et al., S.D.N.Y., Civil Action No. 70 Civ. 5030 and Morton Teitelbaum v. Seeburg Corporation, et al., S.D.N.Y. Civil Action No. 69 Civ. 5736.

tion 1407 to the Southern District of New York is necessary in order to promote the just and efficient conduct of the litigation and to avoid the possibility of duplication of discovery. The threshold question to be determined with respect to the *Berry* action is the effect of the Land-Jennings class settlement on plaintiffs' claims. Plaintiffs contend that they and the members of the class which they seek to represent effectively opted-out of the Land-Jennings class and, therefore, are entitled to bring this action. Defendants, on the other hand, argue that plaintiffs and the members of the class they purport to represent are members of the Land-Jennings class and are thus bound by the terms of the settlement, which extinguished all claims plaintiffs now seek to prosecute against defendants who participated in that settlement. In addition, defendants contend that plaintiffs have violated Judge McFadden's earlier order enjoining class members from filing other lawsuits without first receiving approval from the transferee court. We find that questions concerning orders entered by the transferee court and the effect of the Land-Jennings settlement upon the claims asserted by plaintiffs in *Berry* are all questions best resolved by the transferee judge. It would be most logical, therefore, both for the parties and the courts, to transfer this action to Judge McFadden, who has a first-hand familiarity with all aspects of this litigation. *See* In re Four Seasons Securities Laws Litigation, 352 F.Supp. 964 (Jud.Pan.Mult.Lit.1973).

There is an additional reason compelling transfer of this action to New York. Unlike the prior *Berry* action filed in Arkansas, plaintiffs' complaint in this action contains allegations similar to those asserted by plaintiffs who still have causes of action pending in the transferee district. And many of the defendants in *Berry* are also defendants in the actions in New York. Thus, if the *Berry* plaintiffs are allowed to proceed with their action, much of their discovery will duplicate that sought by the New York plaintiffs.

Plaintiffs in both the *Berry* and *Land-Jennings* actions, for example, have asserted claims against Arthur Young, and the Berry plaintiffs concede that if the proposed settlement of the Land-Jennings claims against Arthur Young is not approved by the transferee court, there would be some overlapping discovery vis-a-vis that common defendant. Even assuming, however, that the proposed settlement of the Land-Jennings claims against Arthur Young is approved, the individual actions that remain before Judge McFadden raise questions of fact common to those raised in the *Berry* action and will involve common discovery. For example, the October 1968, prospectus of Commonwealth, which was distributed to Berry shareholders and upon which they allegedly relied in approving the Berry-Commonwealth merger, is the same prospectus alleged by the individual plaintiffs in the coordinated or consolidated proceedings to contain materially false and misleading statements concerning the financial condition of Commonwealth. And it is likely that those plaintiffs and the Berry plaintiffs will investigate other similar records and statements and depose some of the same witnesses concerning Commonwealth's financial condition.

IT IS THEREFORE ORDERED that the action Berry Petroleum Company, et al. v. Adams & Peck, et al., Northern District of Texas, Civil Action No. CA–3–6579, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Frank H. McFadden for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.