## In re SEEBURG–COMMONWEALTH UNITED MERGER LITIGATION.

*Berry Petroleum Co., et al. v. Adams & Peck, et al.,* W.D.Tenn., Civil Action No. C–75–484.

### No. 37.

Judicial Panel on Multidistrict Litigation.

June 4, 1976.

---

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL *, and ANDREW A. CAFFREY, Judges of the Panel.

PER CURIAM.

The Panel initially transferred sixteen actions brought by stockholders of Commonwealth United Corporation and Seeburg Corporation to the Southern District of New York and assigned them to the Honorable Frank H. McFadden, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Seeburg-Commonwealth United Merger Litigation,* 312 F.Supp. 909 (Jud.Pan.Mult.Lit.1970). Additional actions, sharing common questions of fact with those in the group first transferred, were later also transferred to the Southern District of New York. *See, e. g., In re Seeburg-Commonwealth United Merger Litigation,* 331 F.Supp. 552 (Jud.Pan.Mult. Lit.1971).

Thereafter, with the exception of plaintiffs in two individual actions,[1] a consolidated complaint (the *Land-Jennings* action) was filed on behalf of all plaintiffs in the actions transferred to and pending in the Southern District of New York. *Land-Jennings* was subsequently certified as a class action on behalf of all persons who at any time between October 16, 1968 and August 1, 1969 acquired securities issued by Commonwealth and who sustained losses thereon as a result of wrongful acts or omissions of the various defendants.

Prior to certification of *Land-Jennings,* Berry Petroleum Co. instituted an action in the Western District of Arkansas (*Berry I*)[2] against Commonwealth and others arising from Commonwealth's acquisition of Berry's assets in exchange for Commonwealth's common stock. After this exchange, Berry was dissolved and the Commonwealth stock received was distributed to Berry's stockholders. *Berry I* sought rescission of these transactions on the basis of defendant's alleged misrepresentations in connection with the exchange. In addition, a companion action to *Berry I* was brought on behalf of a class of Commonwealth shareholders who acquired their shares as part of the exchange.[3]

Commonwealth then moved the Panel for an order transferring *Berry I* and its com-

---

* Judges ROBSON and WEIGEL were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. *Morton Teitelbaum v. Seeburg Corporation, et al.,* S.D.N.Y., Civil Action No. 69 Civ. 5736, and *Walden Robert Cassotto a/k/a Bobby Darin v. Commonwealth United Corporation, et al.,* S.D.N.Y., Civil Action No. 70 Civ. 5030.

2. *Berry Petroleum Co. v. Commonwealth United Corp., et al.* W.D. Arkansas, Civil Action No. ED–70–C–58.

3. *O'Daniel, et al. v. Commonwealth United Corp., et al.* W.D. Arkansas, Civil Action No. ED–71–C–15.

panion action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings pending there. That motion was denied because of the Panel's conclusion that there were only limited common questions of fact between the two sets of actions and because plaintiffs in *Berry I* and its companion action were proceeding expeditiously toward trial. *In re Seeburg-Commonwealth United Merger Litigation,* 333 F.Supp. 911, 912 (Jud.Pan.Mult.Lit.1971). *Berry I* was subsequently settled and dismissed.

In November 1972, the transferee court approved a settlement of the claims against defendants in *Land-Jennings,* with the exception of defendant Arthur Young & Co. Because the settlement in *Berry I* had not then been finally concluded, a specific allocation from the settlement fund in *Land-Jennings* was made to satisfy the potential liabilities in *Berry I.* Defendant Arthur Young joined in the *Land-Jennings* settlement in August 1973.

In the interim, an action was instituted in the Northern District of Texas (*Berry II*)[4] by four former shareholders of Berry who purported to represent a class of all persons who owned Berry stock as of October 16, 1968, and received common stock of Commonwealth in exchange. The defendants in that action were various directors, officers and agents of Commonwealth; but Commonwealth itself was not named as a defendant. Following the issuance of an order to show cause and responses thereto, the Panel transferred *Berry II* to the Southern District of New York pursuant to Section 1407. *In re Seeburg-Commonwealth United Merger Litigation,* 362 F.Supp. 568 (Jud.Pan.Mult.Lit.1973). A primary factor persuading the Panel to transfer *Berry II* was that a threshold question in that action was the effect of the *Land-Jennings* class settlement on plaintiffs' claims. The question whether the *Berry II* plaintiffs had effectively opted-out of the *Land-Jennings* settling class, the Panel concluded, was most logically determined by the transferee judge, who had a first-hand

familiarity with all aspects of the litigation then before him. 362 F.Supp. at 571. An additional reason favoring transfer of *Berry II* was that, unlike the complaint in *Berry I,* there was a substantial overlap between the allegations in *Berry II* and the allegations in the claims left unresolved by the *Land-Jennings* settlement. *Id.* The commonality of defendants between *Berry II* and the actions in the transferee district, along with the likelihood of duplicative discovery relating to *Berry II* and the individual actions remaining at that time before Judge McFadden, were further reasons for transfer. *Id.* *Berry II* was subsequently dismissed by Judge McFadden basically on statute of limitations grounds, and the dismissal was upheld by the Court of Appeals for the Second Circuit. *Berry Petroleum Co., et al. v. Adams & Peck, et al.,* Civil Action No. 73 Civ. 3452 (S.D.N.Y., filed Aug. 14, 1974), *aff'd,* 518 F.2d 402 (2d Cir. 1975).

The action now before us (*Berry III*) was brought by four of the five named plaintiffs in *Berry II* against seven defendants, six of whom were named in *Berry II.* Plaintiffs purport to represent the same class they attempted to represent in *Berry II.* Like the complaint in *Berry II,* the one in *Berry III* contains allegations that defendants violated the federal securities laws in connection with the dissemination of materials upon which the Berry shareholders relied in approving the Berry-Commonwealth merger.

Three defendants in *Berry III* move the Panel to transfer this action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings before Judge McFadden. A fourth defendant favors the motion, while the four plaintiffs oppose transfer. We find that the requested transfer would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation and, accordingly, we deny the motion.

Movants maintain that transfer is warranted because *Berry III* shares common

---

4. *Berry Petroleum Co., et al. v. Adams & Peck, et al.,* N.D.Texas, Civil Action No. CA–3–6579.

questions of fact with the litigation which was previously transferred to the Southern District of New York. These questions, they contend, include: (1) the effect of class action orders in *Land-Jennings* on *Berry III;* (2) the effect of releases given in settlement of some of the previously transferred actions on *Berry Hill;* and (3) the questions of laches and estoppel. Movants emphasize the importance of Judge McFadden's familiarity with this litigation.

Although we recognize that *Berry III* may share questions of fact common to the actions which were before Judge McFadden at an earlier time, defendants have not persuaded us that such is the case currently. Plaintiffs have represented to us that only the *Teitelbaum* action remains active in the transferee district and that by pretrial order it involves only a single factual issue which they will not raise in *Berry III.* Defendants do not refute these assertions. Moreover, neither the plaintiff nor defendant in *Teitelbaum* is a party to *Berry III.* Furthermore, both Judge McFadden's and the Second Circuit's views regarding the effect of the *Land-Jennings* class settlement on the *Berry III* plaintiffs vis-a-vis six of the seven defendants in this action are well documented, *id.,*[5] and, as a result, from the standpoint of familiarity, will put the judge in this action closer to the shoes of the transferee judge. Thus, the near completion of the proceedings in the transferee district, the apparent lack of commonality between *Berry III* and *Teitelbaum* concerning parties and factual issues, and the availability of both Judge McFadden's and the Second Circuit's opinions discussing the effect of the *Land-Jennings* class settlement on the action at bar, set this matter apart from our reasoning in *Berry II,* 362 F.Supp. at 571; and, in the particular circumstances of the action before us, lead us to conclude that its transfer is unwarranted.

We note that the judge to whom *Berry III* is assigned could issue an order to show cause why all discovery heretofore completed in the transferee district and *Berry II* as well, which was processed in Arkansas, should not be made available to the parties in *Berry III. Cf. Manual for Complex Litigation,* Parts I and II, §§ 3.11 (rev. ed. 1973). Such a procedure would avoid duplication of previously completed discovery.

IT IS THEREFORE ORDERED that the motion to transfer the action entitled *Berry Petroleum Co., et al. v. Adams & Peck, et al.,* W.D.Tennessee, Civil Action No. C–75–484, be, and the same hereby is, DENIED, without prejudice to the right of any party to move for transfer at a later date if it feels future circumstances so require.

---

5. See, for example, 518 F.2d at 411–13, affirming that the four plaintiffs in *Berry III* opted-out of the *Land-Jennings* class.