344 F.Supp. 1404 (1972)
In re FOUR SEASONS SECURITIES LITIGATION.
Loren Schweninger v. Walston & Co., Inc., et al., Northern District of Illinois, Civil Action No. 70 C 3107.
No. 55.
Judicial Panel on Multidistrict Litigation.
July 13, 1972.
Before JOHN MINOR WISDOM[*], EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III[*], and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
This is the second time the Schweninger action has been before the Panel as a tag-along case in the Four Seasons Securities litigation. This time we conclude that sufficient common questions of fact are raised to make its transfer to the Western District of Oklahoma necessary for the convenience of the parties and witnesses and the just and efficient conduct of the litigation.
After the initial order transferring the Four Seasons Litigation to the Western District of Oklahoma, In re Four Seasons Securities Litigation, 328 F. Supp. 221 (Jud.Pan.Mult.Lit., May 25, 1971), the Panel ordered the parties in the Schweninger action and three others that appeared to be tag-along cases to show cause why their cases should not be transferred to that district. The other three actions were transferred to Oklahoma without opposition, but plaintiff Schweninger successfully opposed transfer. In re Four Seasons Securities Litigation, 331 F.Supp. 559 (Jud.Pan. Mult.Lit., August 25, 1971).
At that time Schweninger described his action as one resting on a Walston representative's individual affirmative misrepresentations to him concerning Four Seasons and other stock rather than one involving the affairs of the Four Seasons companies. The Panel accepted Schweninger's characterization of his action and observed, "If plaintiff proceeds on the factual and legal basis just described, there will be little reason for him to participate in the coordinated or consolidated pretrial proceedings conducted in Oklahoma." In re Four Seasons Securities Litigation, supra at 560. The Panel noted, however, that "the potential for overlapping discovery" was present and for this reason made the denial of transfer "without prejudice to the right of any party to move for transfer . . . should discovery . . . cover, to any substantial degree, questions of fact raised in the cases now pending in the Western District of Oklahoma." In re Four Seasons Securities Litigation, supra at 560.
Since the denial of transfer Schweninger has proceeded with discovery in the Northern District of Illinois. He now seeks from Walston all information possessed by it concerning the financial condition of the Four Seasons companies *1405 prior to reorganization; information concerning the relationship between Walston, the Four Seasons companies and Montgomery Company (an investment vehicle for Walston partners); and all information concerning investigations into the affairs of Four Seasons and Walston by the SEC and American Stock Exchange subsequent to the reorganization. Schweninger also seeks to depose Gordon H. McCollum, a Walston official who served on the board of one of the Four Seasons companies but who had no contact with Schweninger.
Defendants Walston & Co., Inc., Montgomery Co. and Glenn R. Miller argue that these discovery requests are duplicative of discovery sought in the Western District of Oklahoma and move the Panel for transfer of the Schweninger action to that district. Defendant Gordon H. McCollum joins in the motion. The Illinois district court has continued a ruling on Schweninger's motion to compel this discovery pending the Panel's decision.
Schweninger again opposes transfer of his action, contending that his discovery will not sufficiently overlap discovery in the Oklahoma cases to require transfer. He asserts that the Panel has already determined his cause of action to be inappropriate for transfer because of the individual misrepresentations allegedly made by Walston representatives. Schweninger states that in order to recover on his individual cause of action, he must prove the falseness of the representations and Walston's knowledge of the falseness by developing the true state of affairs concerning the Four Seasons companies and Walston's information on that subject. Finally, shortly before the hearing Schweninger informed the Panel that he intended to forego the deposition of Gordon McCollum and that he would be agreeable to the production of the requested documents at the document depository in the consolidated cases.
We think Schweninger's late concessions only serve to emphasize the need for transfer. As Schweninger concedes, it is necessary for him to develop the facts concerning the Four Seasons companies and Walston's relationship with those companies in order to recover on his individual cause of action. It is clear that this same information is sought by the parties in the transferred actions and that some of the documents requested by Schweninger have already been produced by Walston. The transferee judge, Judge Thomsen, is working with counsel to devise an expeditious schedule for the pretrial preparation of the cases and the Schweninger action should be transferred immediately so that the parties can participate in those proceedings.
It is therefore ordered that the action entitled Loren Schweninger v. Walston & Co., Northern District of Illinois, Civil Action No. 70 C 3107, be, and the same hereby is, transferred to the Western District of Oklahoma and, with the prior consent of that court, assigned to the Honorable Roszel C. Thomsen for pretrial proceedings pursuant to 28 U.S.C. § 1407.
NOTES
[*] Judge Alfred P. Murrah took no part in these proceedings. Although Judges Wisdom and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.