**In re Multidistrict Private Securities Actions Involving REVENUE PROPERTIES COMPANY, Limited.**

*Richard L. Frank v. White, Weld & Co., et al.*, N.D. Calif. C.A. No. C–70–740.

**No. 32.**

Judicial Panel on Multidistrict Litigation.
July 28, 1970.

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### ORDER

PER CURIAM.

This action, filed on April 7, 1970, appeared to be a "tag-along case" subject to transfer to the District of Massachusetts on the basis of the prior hearing and for the reasons stated in our prior decision in this litigation. In re Revenue Properties Litigation, 309 F. Supp. 1002 (JPML 1970). Pursuant to Rule 12, R.P.J.P.M.L., a *conditional transfer order* was entered and distributed to all counsel on May 22, 1970. As no opposition was filed during the ten day stay of execution, transfer became effective on June 2, 1970 and the order was transmitted to the Clerk of the District of Massachusetts. Counsel for the plaintiff thereafter noted his opposition to the transfer but since transfer had been effectuated he filed a motion to remand. This motion has been well briefed by both parties, none of whom have requested a hearing.

The sole question is whether this action is a "tag-along case" that is, one

sharing *common questions of fact* with other actions included in this multidistrict litigation. The plaintiff claims that its action is different from all others since he has named as defendants White, Weld & Co. (hereinafter White, Weld) *and* its San Francisco sales representative. It may well be that whether the San Francisco sales representative *personally* knew or should have known of the actual financial condition of Revenue Properties Ltd. at the time the plaintiff purchased his stocks is a question not common to any other actions. But this factor alone would not justify remand of the entire action.[1] The thrust of the plaintiff's action goes far beyond misrepresentation by the San Francisco sales representative for it involves the *national effort* of White, Weld to sell stock of Revenue Properties, Ltd. One of the specific issues raised by the plaintiff is whether White, Weld knew or should have known that Revenue Properties Ltd. had not complied with all applicable regulations governing the issuance, sale and trading of its stock in the United States. This question involves a more fundamental question, common to all of the *unregistered stock cases:* whether or not the stock was properly registered for sale in the United States.

White, Weld is a party to at least two other actions in this multidistrict litigation. It is the defendant in another action in which the allegations in the complaint are substantially identical to those in the instant case.[2] Indeed White, Weld has also brought its own action against those from whom it purchased Revenue Properties stock and seeking damages "in any amount which White, Weld & Co. sustains as a result of the claims of its customers."[3] Both of these actions were filed in the Southern District of New York and transferred to the District of Massachusetts under 28 U.S.C. § 1407.

▬▬ This action clearly involves substantial questions of fact common to actions which are part of this multidistrict litigation. The convenience of the parties and the witnesses in this multidistrict litigation and the just and efficient conduct of this litigation would not be served by the remand of this action to the Northern District of California.

Motion denied.

---

1. There has been no suggestion by either party that the claims against the San Francisco sales representative, apparently one John Chapman, be *separated* and remanded to the Northern District of California. We would be disposed to consider such action if favored by the parties and if not inconsistent with the goal of furthering the just and efficient conduct of this entire litigation.

2. United States Trust Co. of New York v. White, Weld & Co., et al.

3. White, Weld & Co. v. Gilligan, Will & Co., et al.