## In re FOUR SEASONS SECURITIES LAWS LITIGATION.
### No. 55.

Judicial Panel on Multidistrict Litigation.
May 26, 1971.

Before JOHN MINOR WISDOM, ED-WARD WEINFELD, EDWIN A. ROB-SON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEI-GEL, Judges of the Panel.*

## OPINION AND ORDER

JOHN MINOR WISDOM, Judge of the Panel.

On its own initiative the Panel entered a show cause order in these ten actions,[1] all of which allege violations of the securities laws in connection with public offerings and private placements of the securities of Four Seasons Nursing Centers of America, Inc. (Four Seasons) and its related corporations. The principal defendants in this litigation are Four Seasons and its affiliates, the officers and directors of the companies, and Walston & Co., the principal underwriter of Four Seasons securities. Four Seasons and Four Seasons Equity Corp., one of its affiliates, are now undergoing a Chapter X Reorganization in the Western District of Oklahoma under the supervision of Judge Luther L. Bohannon.

The ten actions are pending in four different districts and assert a number of conflicting claims for class representation. Seven of the ten actions were brought on behalf of a class composed of all injured shareholders of Four Seasons. Five of these were brought in the Southern District of New York, where they were consolidated and general counsel for the plaintiffs appointed. The remaining two actions were filed in the Western District of Oklahoma and the Northern District of Illinois. Two of the remaining three actions seek representation of different and conflicting classes. In the Northern District of Ohio, the plaintiff seeks to represent all purchasers of Four Seasons and Four Seasons Equity securities at private placement while one of the New York actions seeks to represent all stockholders of Four Seasons Equity.

* Judge ALFRED P. MURRAH, Chairman of the Multi-District Litigation Panel took no part in these proceedings.

1. One of the ten actions originally included in the show cause order, an action by the reorganization trustee on behalf of the debtor corporations and their individual shareholders, has been dismissed without prejudice. That case has therefore, been deleted from the attached Schedule A. The plaintiff in Orchestra Investment Club v. Four Seasons Nursing Centers, a case which was not included in the Panel's show cause order, appeared at the hearing on this matter and agreed to be bound by the Panel's decision. Accordingly, that case is included on Schedule A.

■ Virtually all of the parties responding to the Panel's order agree to the desirability of centralizing these cases for coordinated or consolidated pretrial proceedings under Section 1407. Common questions of fact arise from the common allegations concerning the defendant's false and misleading statements, their failure to disclose material facts, and their participation in transactions detrimental to the Four Seasons companies. Treatment of these cases under Section 1407 will .eliminate repetitive discovery and place all conflicting class claims before one court, thus furthering the convenience of the parties and witnesses and the just and efficient conduct of the litigation.[2]

The only opposition to transfer [3] comes from the plaintiff in Fink v. Johnston in the Southern District of New York, who alleges derivative claims on behalf of Four Seasons Equity and class claims on behalf of its stockholders. He contends that these claims are factually unrelated to the claims asserted in the other suits, which are all said to be on behalf of Four Seasons and its shareholders. We must reject this contention for several reasons. First, Fink's is not the only action on behalf of Four Seasons Equity and its shareholders. The class sought by the Ohio plaintiff includes all purchasers of Four Seasons Equity's securities at private placement. More importantly, as a reading of the complaints makes clear, these cases all allege a common scheme to defraud investors by issuing false information concerning both Four Seasons and Four Seasons Equity. Of course, the existence of common facts does not mean that the stockholders of both Four Seasons and Four Seasons Equity have identical interests. Should conflicts concerning discovery objectives develop between these two groups of stockholders, they may be presented to the transferee judge to decide the extent of the coordination or consolidation of pretrial proceedings. See In re Revenue Properties Litigation, 309 F.Supp. 1002 (J.P.M.L. 1970); In re Seeburg-Commonwealth United Litigation, 312 F.Supp. 909 (J. P.M.L.1970).

■ The only question remaining is whether to transfer these cases to New York, Chicago, or Oklahoma. All defendants, the Oklahoma plaintiff, and one New York plaintiff favor the Western District of Oklahoma. The remaining New York plaintiffs prefer the Southern District of New York and the Illinois plaintiff prefers Chicago. We conclude that the Western District of Oklahoma is the most desirable transferee forum. It is true that some of the prospective witnesses are brokers, analysts, underwriters, and customers who are engaged in business in New York. But the central legal question is the defendants' liability and the common areas of discovery will center on the conduct of the defendants during the registration, issuance, and sale of the securities. The principal defendants, the officers, and directors of the Four Seasons companies, are for the most part Oklahoma residents. Those residing elsewhere can travel to Oklahoma as easily as to New York. The records of the companies are also present in that district, where they are under the supervision of the reorganization court and its trustee. 11 U. S.C. § 511. And as we said in the Penn Central Securities Litigation, 322 F. Supp. 1021 (J.P.M.L. Jan. 25, 1971), coordination of pretrial proceedings in these cases with proceedings in the reorganization court would aid the just and efficient conduct of the cases.

The pendency of the Chapter X reorganization in the Western District of

---

2. We decline the Illinois plaintiff's request to decide the class representation claims asserted by the various plaintiffs. This is a matter for the transferee judge to decide.

3. None of the parties to M. G. Development v. Kohlmeyer & Co. Civil No. 70-

H622 (S.D.Texas) have responded to the Panel's order but that case, brought by a customer against his broker for losses allegedly resulting from purchases of Four Seasons securities, is a part of this litigation. See In re Revenue Properties Litigation, 314 F.Supp. 1255 (J.P.M.L. 1970).

Oklahoma raises the same considerations concerning assignment to a particular judge that were discussed on the Penn Central litigation. The Chapter X reorganization, like the Section 77 reorganization, aims at rehabilitation of the corporate debtor and gives the reorganization court similar powers to stay and enjoin litigation against the corporate debtor. 11 U.S.C. §§ 11, 513, 516(4). Assignment of the cases to the reorganization judge would subject him to the same potential conflict between the rehabilitative purpose of the reorganization and Section 1407's goal of expeditious pre-trial proceedings. In re Penn Central Litigation, *supra* at 1023. The potential conflict might have been even greater here since the Four Seasons trustee sought to maintain derivative actions on behalf of the shareholders of those corporations.[4] For these reasons we think it best to assign these cases to a judge other than the reorganization judge. With the cooperation of all involved, Judge Roszel C. Thomsen of the Fourth Circuit has been assigned to the Western District of Oklahoma pursuant to 28 U.S.C. § 292 and these cases will be assigned to him for pretrial proceedings.

It is therefore ordered that all actions in the attached Schedule A pending in districts other than the Western District of Oklahoma be and the same hereby are, transferred to the Western District of Oklahoma and assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings under Section 1407.

## SCHEDULE A

### Southern District of New York

| | |
|---|---|
| Matthew D. Margoles, etc. v. Four Seasons Nursing Centers of America, Inc., et al. | Civil Action No. 70 Civ 2317 |
| Lowell S. Fink, etc. v. Gordon H. McCollum, et al. | Civil Action No. 70 Civ 2244 |
| Henry J. Lebens, etc. v. Walston & Co., Inc., et al. | Civil Action No. 70 Civ 2413 |
| Mollie Nussbacher v. J. S. Andres, et al. | Civil Action No. 70 Civ 2082 |
| Franz L. Paul, etc. v. Jack L. Clark et al. | Civil Action No. 70 Civ 2746 |
| Lowell S. Fink, etc. v. John W. Johnston, et al. | Civil Action No. 2773 |

### Northern District of Ohio

| | |
|---|---|
| Edward Ginsbert v. Four Seasons Nursing Centers of America, Inc., et al. | Civil Action No. C70–654 |

### Southern District of Texas

| | |
|---|---|
| M. G. Development Co. v. Kohlmeyer & Co., et al. | Civil Action No. 70–H–622 |

### Western District of Oklahoma

| | |
|---|---|
| Frank Sher, etc. v. Jack L. Clark, et al. | Civil Action No. Civ–70–375 |

### Northern District of Illinois

| | |
|---|---|
| Orchestra Investment Club, et al. v. Four Seasons Nursing Centers of America, Inc. | Civil Action No. 70 C 2022 |

4. This case was dismissed without prejudice. See, n. 1.