**In re ALSCO–HARVARD FRAUD LITIGATION.**

*R. H. McRoberts v. Harvard Industries, Inc., and Andrew L. Stone,* E.D. Missouri, Civil Action No. 70 C 473(4).

*Andrew L. Stone v. Harvard Industries, Inc.,* D.Vermont, Civil Action No. 6241.

*Harvard Industries, Inc. v. Falrock Corp.,* D.Delaware, Civil Action No. 4036.

**No. 54.**

Judicial Panel on Multidistrict Litigation.

June 30, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The previously transferred *Alsco-Harvard Fraud Litigation,* involves common questions of fact concerning an alleged fraud on the United States by prime contractors in the production of rocket launchers. Andrew L. Stone and Francis N. Rosenbaum are alleged to have carried out this fraud through controlled corporations, Chromcraft Corp. and its successor Alsco, Inc. Alsco was later merged into an unrelated corporation, Harvard Industries, Inc. The general outline of the alleged fraud is sketched in the Panel's initial opinion, 325 F.Supp. 315 (Jud.Pan.Mult.Lit., 1971) transferring six actions to the District of Columbia for coordinated or consolidated pretrial proceedings before Judge Charles R. Weiner.

I

Prior to the filing of the Panel's first opinion and order, but after the hearing, Andrew L. Stone filed a motion to add an additional case, R. H. McRoberts v. Harvard Industries, Inc. and Andrew L. Stone, E.D.Missouri, Civil Action No. 70 C 473(4), to the cases before the Panel. The plaintiff in that action is the holder of 150 shares of stock in Selectile Co., Inc., a subsidiary of Alsco prior to its merger into Harvard Industries, and seeks to interplead Harvard and Stone, who assert conflicting claims to the

stock. Harvard claims that it became owner of the shares by virtue of its merger with Alsco and Stone claims that he was entitled to repurchase the shares by the terms of the merger agreement between Alsco and Harvard. In response, Harvard asserts that it was excused from any obligation to sell the stock because the merger was induced by fraud and violated the federal securities laws.

The parties opposed to transfer of the initial group of cases also opposed transfer of this case. Because there had been no hearing on the opposition to transfer of the *McRoberts* case, it was not included in the first opinion and order of transfer in this litigation. Since that time, however, all oppositions to transfer have been withdrawn and we conclude that the *McRoberts* case clearly shares with the cases previously transferred common questions concerning the operation of the alleged fraud. We are also satisfied that its transfer will serve the convenience of parties and witnesses and further the just and efficient conduct of the litigation.

## II

Two additional tag-along cases have been brought to the Panel's attention. Harvard Industries requested the transfer of these cases, one pending in the District of Vermont and one in the District of Delaware[1], and a show cause and hearing order were entered to expedite their disposition. The Vermont action between Stone and Harvard, like the *McRoberts* action, relates to the merger agreement between Alsco and Harvard. Stone seeks to compel the conveyance to him of certain real and personal property which he asserts he was entitled to repurchase under the merger agreement. Harvard states that it will raise the same defenses in this action as in the *McRoberts* case, *i. e.*, that the agreement was induced by fraud and made in violation of the Securities and

Exchange Acts of 1933 and 1934. No opposition to the transfer of this case has been presented and we have concluded that it too satisfies the criteria of Section 1407 and should be transferred to the District of Columbia.

Opposition to transfer of the Delaware case, a declaratory judgment action, has been presented by defendant Falrock Corporation. The Delaware action results from an earlier Delaware state court action between the same parties, which Falrock concedes raises questions of fact similar to those in the transferred cases. In that state court action Harvard obtained a restraining order to prevent Falrock's transfer of assets, including stock in the defunct Alsco and other companies. Falrock sought the state court's permission to use the Alsco shares for the limited purpose of paying its legal expenses in that and other actions in which it is involved.[2] In order to obtain funds, however, Falrock sought to have Harvard exchange the Alsco shares for marketable Harvard shares. This Harvard refused to do, claiming that Falrock's exchange would violate the federal securities laws and that it would become liable for Falrock's violation by participating. The state court declined to decide this federal issue and Harvard then brought this declaratory judgment action in the District of Delaware to decide the matter.

Falrock states that the issues posed in the Delaware declaratory judgment action are: (1) whether Falrock was required to file a Schedule 13b, pursuant to § 13(d)(1) of the Securities Exchange Act, 15 U.S.C. § 78m(d) (Supp.1971) and (2) whether Falrock was an "affiliate" of Alsco under the SEC regulations. Falrock's contention that these are narrow, non-common issues requiring little discovery is less than persuasive when these issues are compared with the common questions in the transferred cases. Falrock's position on both of these ques-

---

1. Andrew L. Stone v. Harvard Industries, Inc., D. Vermont, Civil Action No. 6241; Harvard Industries v. Falrock Corp., D. Delaware, Civil Action No. 4036.

2. Falrock is a party in three of the actions previously transferred.

tions is premised on the independent existence of Falrock. But Falrock's viability as a corporate entity is one of the central questions in the cases now before Judge Weiner. In those cases it is alleged that Falrock was a dummy corporation through which Stone exercised control over Alsco, prior to its merger with Harvard, and perpetrated the fraud on the government. In fact, we are informed by counsel for Harvard that the United States has, in the transferred cases, asserted a claim to these very assets on the basis of Stone's alleged ownership. Given this commonality, the need for coordinated or consolidated pretrial proceedings is obvious. And the transferee judge, who is developing a familiarity with the complex facts of this litigation, will be best able to guide the pretrial proceedings in this case.

At the hearing, Falrock expressed some apprehension that this one action might become lost in the pretrial proceedings and that decision of its motion to dismiss certain of Harvard's allegations as immaterial and impertinent might be slowed by the more complex matters before the transferee judge. We are certain, however, that Judge Weiner will see that these cases are processed expeditiously and that Falrock will experience no delay because of the multidistrict character of this litigation.

It is therefore ordered that the above actions be, and the same are, hereby transferred to the District of Columbia for coordinated or consolidated pretrial proceedings pursuant to section 1407 and with the prior consent of that court they are hereby assigned to the Honorable Charles R. Weiner.