**In re FOUR SEASONS SECURITIES LAWS LITIGATION.**

*Manford H. Fetman, etc. v. Walston & Co., Inc., et al.,* Northern District of Illinois, Civ. Action No. 70 C 1913.

*Loren Schweninger v. Walston & Co., Inc., et al.,* Northern District of Illinois, Civ. Action No. 70 C 3107.

*Henry L. Schoger v. Walston & Co., Inc., et al.,* Northern District of California, Civ. Action No. C–70–2721–LHB.

*William Tomasello v. Walston & Co., Inc. and Frank Crimmins,* Southern District of New York, Civ. Action No. 71 Civ. 719.

**No. 55.**

Judicial Panel on Multidistrict Litigation.

Aug. 25, 1971.

Before JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel *.

OPINION AND ORDER

PER CURIAM.

The financial collapse of Four Seasons Nursing Centers of America, Inc. and its related corporations led to the filing of ten stockholder actions alleging that the corporate officers, directors, underwriter and others had violated the federal securities laws. In an earlier opinion, the Panel concluded that the conflicting class claims and the common factual background alleged in these actions required their transfer under section 1407 for coordinated or consolidated pretrial proceedings. Because several of the Four Seasons Companies were undergoing a Chapter X reorganization in the Western District of Oklahoma and because the companies' records were present in that District under the supervision of the reorganization court and its trustee, the Panel transferred all of the litigation to the Western District of Oklahoma for pretrial proceedings before Judge Roszel C. Thomsen. In re Fourt Seasons Litigation, 328 F.Supp. 221 (Jud.Pan.Mult. Lit.1971).

Shortly after the entry of that earlier opinion, the Panel entered a show cause order in the four above-captioned actions, which were apparently related to the earlier transferred cases. In three of those cases the plaintiffs have stated that they have no objection to transfer under section 1407. One of the principal defendants in these cases, Walston & Co., Inc., also supports their transfer. No party has shown any opposition to transfer. A reading of the complaints and the responses to the show cause order has satisfied us that these cases satisfy the criteria of section 1407 and they will be

---

* Judge Alfred P. Murrah, Chairman of the Multidistrict Litigation Panel, took no part in these proceedings. Although Judge John Minor Wisdom and Judge Joseph S. Lord, III were not present at the hearing they have, with the consent of all parties, participated in this decision.

transferred to the Western District of Oklahoma.[1]

Different treatment is required in the *Schweninger* case. Plaintiff in that action, a graduate history student, stresses that the legal theory, as well as the factual basis, of his action will rest more on the individual conduct of personnel in Walston's Chicago office than on the common facts being developed in Oklahoma. He alleges that he left his former post as high school teacher to enroll in a course in graduate studies and, in order to maximize the return on his life savings, sought investment advice from the Chicago offices of Walston & Co. He alleges that a representative of Walston & Co. invested his entire life savings in highly speculative securities with disastrous results. Plaintiff states that he intends to proceed on the theory that individual affirmative misrepresentations made by the representative of Walston violated the SEC Rules and Regulations, that the advice given breached Rule 405 of the New York Stock Exchange (the "Know your Customer" Rule), and that Walston breached the Securities Acts by other actions in connection with plaintiff's individual account.

If plaintiff proceeds on the factual and legal basis just described, there will be little reason for him to participate in the coordinated or consolidated pretrial proceedings conducted in Oklahoma. The factual basis asserted by Schweninger is so individualized that little overlap in discovery is likely to occur absent transfer. Of course, the potential for overlapping discovery is present since one of the allegedly speculative stocks purchased for plaintiff's account was Four Seasons. Should the plaintiff go beyond the legal theory described to the Panel and explore the background of common facts concerning the financial affairs of the Four Seasons Companies and their relationship with Walston & Co., transfer of this case to Oklahoma might become appropriate.

It is therefore ordered that transfer of the action entitled Loren Schweninger v. Walston & Co., Inc. (N.D.Ill.Civ.Action No. 70–C–3107) be denied, without prejudice to the right of any party to move for transfer under § 1407(c) (i) should discovery in that action cover, to any substantial degree, questions of fact raised in the cases now pending in the Western District of Oklahoma.

It is further ordered that the remaining three above-captioned actions be, and the same hereby are, transferred to the Western District of Oklahoma and assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings under section 1407.

---

1. We note that plaintiff in the *Tomasello* action requests that discovery of him by the defendants and of the defendants by him be deferred until discovery is completed in the other cases. We have consistently left such requests for individual treatment to the discretion of the judge to whom these cases are transferred. In re Alsco-Harvard Fraud Litigation, 328 F.Supp. 1405 (Jud.Pan.Mult.Lit.1971), In re Antibiotic Drugs, 327 F.Supp. 617 (Jud.Pan.Mult.Lit.1971).