**In re FOUR SEASONS SECURITIES LAWS LITIGATION.**

*Seymour Goeld et ux. v. Walston & Co., Inc. et al.,* S.D.Fla., Civil Action No. 72–749.

*Jean Sitarski v. Walston & Co., Inc., et al.,* N.D.Illinois, Civil Action No. 72 C 1032.

**No. 55.**

Judicial Panel on Multidistrict Litigation.

Nov. 16, 1972.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

Because of their similarity to other actions in the Four Seasons litigation, *see,* In re Four Seasons Securities Litigation, 328 F.Supp. 221 (Jud.Pan.Mult. Lit.1971), the two above-captioned actions were the subject of conditional transfer orders to the Western District of Oklahoma, entered by the Clerk of the Panel. Plaintiffs in both actions have moved to vacate these orders while the common defendant, Walston & Co., supports transfer. The parties have submitted the question on the briefs and we have concluded that both actions must be transferred for pretrial proceedings with the actions now pending in Oklahoma.

Both the *Goeld* and *Sitarski* actions are brought by individuals who purchased Four Seasons securities through Walston & Co. The complaint in the *Goeld* action alleges that plaintiff purchased Four Seasons securities on the basis of recommendations from Walston and its representative and that Walston and the representative violated the federal securities laws by misrepresenting the financial condition of Four Seasons and omitting to disclose their own financial interests and participation in the affairs of the Four Seasons companies. It is also asserted that the defendants disposed of all or part of their holdings on the basis of inside information from Four Seasons.

Plaintiff Sitarski alleges that Walston made misrepresentations concerning se-

* Judge Alfred P. Murrah took no part in the consideration or decision of this matter.

curities which she purchased through Walston and failed to manage her account in a careful and prudent manner. Although other stocks were purchased by plaintiff, the only specific allegations of misrepresentation contained in *Sitarski* relate to purchases of Four Seasons securities. As to those purchases Sitarski alleges that Walston and the representative handling her account should have known and disclosed several specific items of information concerning the financial practices and conditions of the Four Seasons companies.

Both plaintiffs attempt to bring their cases within the rationale of our decision denying transfer of a tag-along case in this litigation, the *Schweninger* case. *See,* In re Four Seasons Securities Litigation, 331 F.Supp. 559 (Jud. Pan.Mult.Lit.1971). In the *Schweninger* action a private investor in Four Seasons and other securities sued Walston, his broker, alleging misrepresentations and omissions in violation of the federal securities laws. Transfer was, at first, denied without prejudice to later consideration, on the basis of Schweninger's arguments that the factual basis of his action lay in the individual conduct of the Walston representative handling his account rather than in the affairs of Four Seasons companies. However, Walston subsequently requested the Panel to reconsider its decision on the basis of Schweninger's discovery requests for information concerning the financial condition of Four Seasons and its relationship with Walston. We concluded that the discovery requests indicated the existence of sufficient common questions of fact to require transfer. In re Four Seasons Securities Litigation, 344 F. Supp. 1404 (Jud.Pan.Mult.Lit.1972.)

We think the logic of our second decision in *Schweninger* applies to these cases as well. In each case misrepresentations by Walston and its representatives are alleged and in each case the plaintiff must prove the falsity of those representations by ascertaining the facts concerning the Four Seasons companies and their relationship with Walston. Unless the cases are transferred to a single forum, duplicative discovery may result.

An additional reason for transfer is provided by the negotiation of a proposed settlement in the transferred cases subsequent to the submission of this matter to the Panel. It appears that the proposed class-wide settlement of the claims of Four Seasons securities purchasers against Walston and other common defendants has been submitted to the transferee court for approval[1] and that, after notice to the class, a hearing on the question of the approval of the settlement will be held. It is unclear whether the *Goeld* and *Sitarski* plaintiffs wish to participate in this settlement or to reject it and litigate their claims individually. In either event, however, it appears that the just and efficient conduct of the litigation and the convenience of the parties and witnesses will best be served by transferring both actions to the Western District of Oklahoma.

It is therefore ordered that the actions entitled Seymour Goeld, et ux. v. Walston & Co., Inc., et al., S.D.Fla., Civil Action No. 72–749 and Jean Sitarski v. Walston & Co., Inc., N.D.Illinois, Civil Action No. 72 C 1032 be, and the same hereby are, transferred to the Western District of Oklahoma and assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, with the actions previously transferred to that district.

---

1. In re Four Seasons Securities Laws Litigation, MDL Docket No. 55 (W.D.Okl., filed September 21, 1972).