**In re FOUR SEASONS SECURITIES LAWS LITIGATION.**

*Alf Garnaas v. Bache & Co., Inc.,*
*D. Minn., Civil Action No. 4–71–649.*

*Bertha Moss v. Walston & Co., Inc.,*
*N.D. Ill., Civil Action No. 72 C 1726.*

**No. 55.**

Judicial Panel on Multidistrict Litigation.
Jan. 5, 1973.

Before JOHN MINOR WISDOM, ED-WARD WEINFELD, EDWIN A. ROB-SON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEI-GEL, Judges of the Panel *.

OPINION AND ORDER

PER CURIAM.

The Panel has transferred nineteen actions involving the securities of Four Seasons Nursing Centers of America, Inc. and related companies to the Western District of Oklahoma for coordinated pretrial proceedings. *See, e. g.,* In re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (Jud.Pan.Mult. Lit.1971); 331 F.Supp. 559 (Jud.Pan. Mult.Lit.1971); 342 F.Supp. 758 (Jud.

* Judge Alfred P. Murrah took no part in the consideration or decision of this matter.

Pan.Mult.Lit.1972); 344 F.Supp. 1404 (Jud.Pan.Mult.Lit.1972); 352 F.Supp. 962 (Jud.Pan.Mult.Lit. Nov. 16, 1972). An examination of the complaints in the *Moss* and *Garnaas* actions revealed that these actions apparently shared common questions of fact with the actions previously transferred under Section 1407. Conditional transfer orders were entered pursuant to Rule 12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 53 F.R.D. 119, 123 (1971). Before the effective date of these orders, plaintiff in the *Moss* action and defendant Bache & Co. in the *Garnaas* action filed formal oppositions to transfer.

Since the time the conditional transfer orders were entered, a settlement of the claims of classes of Four Seasons stockholders has been approved. It appears from the papers filed with the Panel by Walston & Co., a defendant in the *Moss* case and in a number of previously transferred cases, that plaintiffs in four actions have excluded themselves from the settling class and intend to litigate their claims individually. The transferee court is now faced with the administration of the settlement and the coordination of pretrial proceedings in the remaining individual actions.

The question of transfer in both cases now before the Panel has been submitted on the briefs. On the basis of those briefs we find that both actions must be transferred to the Western District of Oklahoma for the convenience of the parties and witnesses and the just and efficient conduct of the litigation.

### I. The Moss Action

Plaintiff Moss made her purchases of Four Seasons securities through an account maintained with Walston & Co. Although her complaint does not name the securities purchased by her, she alleges that Walston and the employees managing her account made misrepresentations and omitted to state material facts concerning those securities. In her brief filed with the Panel, Moss concedes that some of her alleged losses resulted from transactions in Four Seasons securities and Walston states that its records indicate that slightly less than half of the alleged losses resulted from such transactions.

The papers filed by Moss do not indicate whether she wishes to participate in the settlement or to pursue her claim individually. Walston suggests that counsel for Moss has indicated an intention to proceed individually and argues that Moss is a member of the class who has failed to exclude herself and who will be barred from further prosecution of the settled claims. Without passing on the merits of these contentions, it appears that important issues concerning the effect of the settlement may be presented in this case.

■ Moss opposes transfer by emphasizing the individual allegations in her action concerning the conduct of Walston personnel and the fact that securities other than Four Seasons were purchased and sold for her account. This argument is inadequate for several reasons. As Walston suggests, the first question to be faced is the effect of the class settlement on Moss's claims, which is likely to turn on the terms of the settlement, the facts surrounding its submission to the class and its subsequent approval—as well as any individual action taken by Moss. It would be most logical, both for the parties and the courts, to transfer this action to the transferee judge, who has a first hand familiarity with the settlement and who may be faced with similar questions involving the same factual background.

In the event plaintiff's cause of action is determined to be unaffected by the settlement and she wishes to proceed with pretrial discovery, she will be exploring many issues of fact common to the claims of those other stockholders who have excluded themselves from the

settlement, notwithstanding her allegations of individual misconduct by Walston employees. In re Four Seasons Securities Litigation, 352 F.Supp. 962 (Jud.Pan.Mult.Lit. Nov. 16, 1972); 344 F.Supp. 1404 (Jud.Pan.Mult.Lit.1972).

II. The Garnaas Action

■ Plaintiff Garnaas made his purchases of Four Seasons securities through Bache & Co. and alleges that Bache and its representative violated the federal securities laws by misrepresentations and omissions concerning the securities. Bache is not a defendant in the multidistrict cases and opposes transfer on the ground that it has completed discovery and is ready for trial. Plaintiff Garnaas takes issue with this, contending that he has been unable to complete his most important discovery concerning Bache's investigation of the Four Seasons securities.

Here, as in *Moss*, the initial question may be the effect of the settlement on plaintiff's claim since plaintiff seems to be a member of the settling class. And, if plaintiff is determined to be outside of the settlement for any reason, the pretrial discovery which plaintiff will require will be largely common to the other individual actions proceeding toward trial. Accordingly, this action should be transferred to the Western District of Oklahoma for the same reasons as the *Moss* case.

It is therefore ordered that the actions entitled Alf Garnaas v. Bache & Co., Inc., D.Minnesota, Civil Action No. 4–71–649 and Bertha Moss v. Walston & Co., Inc., N.D. Illinois, Civil Action No. 72 C 1726, be, and the same hereby are, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings with the other actions pending there.