In re **FOUR SEASONS SECURITIES LAWS LITIGATION.**

*Jack Abrams v. Walston & Co., Inc. et al., S.D.N.Y., Civil Action No. 72–Civ–4704.*

**No. 55.**

Judicial Panel on Multidistrict Litigation.
March 12, 1973.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM[*], EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,[*] and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The complaint filed in the above-captioned action appeared on its face to raise questions of fact common to the actions previously transferred by the Panel under Section 1407 to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings before Judge Roszel C. Thomsen. *See* In Re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (Jud.Pan.Mult. Lit.1971); 331 F.Supp. 559 (Jud.Pan. Mult.Lit.1971); 342 F.Supp. 758 (Jud. Pan.Mult.Lit.1972); 344 F.Supp. 1404 (Jud.Pan.Mult.Lit.1972); 352 F.Supp. 962 (Jud.Pan.Mult.Lit. Nov. 16, 1972); 352 F.Supp. 964 (Jud.Pan.Mult.Lit. Jan. 5, 1973). On the basis of the prior hearings and for the reasons expressed in previous opinions and orders in this litigation, an order conditionally transferring the *Abrams* action to the Western District of Oklahoma was entered by the Clerk of the Panel. Plaintiff timely filed a motion to vacate that order and the matter was set for hearing. On the basis of the briefs filed and the hearing held, we find that transfer of this action to the Western District of Oklahoma will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.

Plaintiff Abrams maintained an investment account with Walston & Co., and alleges that Walston and the employee managing his account violated Section 10(b) of the Exchange Act of 1934 and Rule 10b–5 promulgated thereunder in connection with purchases of Four Seasons common stock made for his personal account. Abrams argues that his action should not be transferred because it relates solely to the customer-broker relationship which existed between him and defendants and does not involve questions of fact common to the cases previously consolidated for pretrial proceedings.

Plaintiff's argument is not persuasive. A settlement of the claims of classes of Four Seasons stockholders has been approved by Judge Thomsen in the consolidated proceedings and it appears that Abrams is a member of the settling classes. In addition, defendants advise that Abrams has already filed a claim in the settlement proceedings and executed a release of all of his claims relating to transactions involving Four Seasons securities.

Clearly, the *Abrams* action raises questions concerning the effect of the class settlement and releases executed in connection therewith. It would be most logical, therefore, to transfer this action to the transferee judge who has a first-hand familiarity with the settlement and who may be faced with similar questions. In Re Four Seasons Securities Laws Litigation, 352 F.Supp. 964 (Jud.Pan.Mult.Lit. Jan. 5, 1973).

An additional reason supports transfer of the *Abrams* action to the Western District of Oklahoma. In the event

---

[*] Judge Alfred P. Murrah took no part in the consideration or decision of this matter. Although Judges Wisdom and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

Abrams is allowed to proceed with his action, his discovery will be largely common to that pursued by other individual plaintiffs who exercised their right to be excluded from the settlement and are now proceeding toward trial.

It is therefore ordered that the action entitled Jack Abrams v. Walston & Co., Inc., et al., S.D.N.Y., Civil Action No. 72 Civ. 4704, be, and the same hereby is, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings with the other actions pending there.