### In re FOUR SEASONS SECURITIES LAWS LITIGATION.

*Randolph Phillips v. Jack L. Clark, et al., S.D. New York, Civil Action No. 73 Civ. 2690.*

**No. 55.**

Judicial Panel on Multidistrict Litigation.
March 18, 1974.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The Panel has previously transferred several actions in the above-captioned litigation to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the *Phillips* action

---

* Judge Murrah took no part in the consideration or decision of this matter.

1. *See* In re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (Jud.Pan.Mult. Lit.1971); 331 F.Supp. 559 (Jud.Pan.Mult. Lit.1971); 344 F.Supp. 1404 (Jud.Pan.Mult. Lit.1972); 352 F.Supp. 962 (Jud.Pan.Mult. Lit.1972); 352 F.Supp. 964 (Jud.Pan.Mult. Lit.1973); 355 F.Supp. 1405 (Jud.Pan.Mult. Lit.1973); 361 F.Supp. 636 (Jud.Pan.Mult. Lit.1973); 362 F.Supp. 574 (Jud.Pan.Mult. Lit.1973).

appeared to raise common factual issues, the Panel ordered the parties to show cause why it should not also be transferred to the Western District of Oklahoma. Only plaintiff opposes transfer. We·find that this action raises questions of fact common to the previously transferred actions and that its transfer to the Western District of Oklahoma under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

A criminal indictment for alleged violations of the federal securities laws was filed in the Southern District of New York against several individuals associated with Four Seasons Nursing Centers of America. Jack L. Clark, former board chairman of Four Seasons and one of the individuals named in the indictment, pleaded guilty to the charges against him. Shortly thereafter, the *Phillips* action was filed in the Southern District of New York against Clark and his wife seeking damages for allegations based on the indictment.

Plaintiff asserts that all evidence relating to the indictment is located at the District Attorney's office in the Southern District of New York. He opposes transfer on the grounds that he needs no other evidence and that none of the actions previously transferred to the Western District of Oklahoma is based on the indictment. Defendants, on the other hand, are prepared to show that plaintiff is a member of the class embraced by the class action settlement recently approved by the Oklahoma court; that he received notice of the settlement; that he timely filed a claim and release; and that, as a result, he is precluded from pursuing his present cause of action. Defendant maintains that it would be most appropriate for the transferee judge who presided over all phases of the settlement to consider this matter. Defendant also argues that this action raises precisely the same issues of fraudulent conduct in connection with transactions in Four Seasons' securities which were raised in the actions previously transferred to the Western District of Oklahoma.

We are persuaded by defendants' arguments and find that the criteria for transfer of this action under Section 1407 are clearly satisfied. Throughout this litigation, we have stressed that the familiarity of the transferee judge with the class action settlement is an important factor favoring transfer of a tag-a-long action. See, e. g., In re Four Seasons Securities Laws Litigation, 352 F. Supp. 964 (Jud.Pan.Mult.Lit.1973) and 355 F.Supp. 1405 (Jud.Pan.Mult.Lit. 1973). And in the event plaintiff is allowed to proceed with his cause of action, transfer will prevent the possibility of duplicating discovery now being pursued in other actions pending in the transferee district.

It is therefore ordered that the action entitled Randolph Phillips v. Jack L. Clark, et al., S.D.New York, Civil Action No. 73 Civ. 2690, be, and the same hereby is, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.