In re **FOUR SEASONS SECURITIES LAWS LITIGATION.**

Randolph **PHILLIPS, Appellant,**

v.

Jack L. **CLARK and Anne Clark et al., Appellees.**

No. 75–1011.

United States Court of Appeals, Tenth Circuit.

Oct. 28, 1975.

---

Randolph Phillips, pro se.

Harry A. Woods, Jr., of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., and Arthur F. Mathews, of Wilmer, Cutler & Pickering, Washington, D. C. (Marianne K. Smythe,

Washington, D. C., with them on the brief), for appellees.

Before HILL, SETH and DOYLE, Circuit Judges.

SETH, Circuit Judge.

This appeal is a portion of the Four Seasons Securities Laws Litigation, and arises from orders entered in the Western District of Oklahoma in M.D.L. No. 55, the consolidated cases. The appeal is sought by a plaintiff who had filed an individual action in the Southern District of New York (*Phillips v. Clark,* Civil No. 73–2690) in June 1973 against some of the class action defendants. This plaintiff was also an absent class member in the class actions consolidated by M.D.L. No. 55 and with which his individual case was consolidated (D.S.I. 735).

A settlement was agreed upon in the class action; notice of the tentative designation of classes, of the settlement, and of a hearing date to consider the settlement was sent to the class members including this appellant. The settlement was approved, appellant filed his proof of claim, received his share by check in December 1973, cashed the check, and signed a release.

Appellant's individual action was transferred to Oklahoma and consolidated with M.D.L. No. 55, as indicated above. He moved for summary judgment in his action, and when met by the defendants' motion for summary judgment based on the class action judgment as a bar, he then sought to be relieved of the judgment in the class action suits by filing a motion under Rule 60(b). This motion and several supplementary motions were denied by the trial court in the consolidated suits, and this pro se appeal was taken.

The history of the Four Seasons litigation is described in *In re Four Seasons Securities Laws Litigation,* 502 F.2d 834 (10th Cir.). Also *see* same case designations at 355 F.Supp. 1405, 352 F.Supp. 964, 352 F.Supp. 962, 344 F.Supp. 1404, 342 F.Supp. 758, 331 F.Supp. 559, 328 F.Supp. 221. It would not seem necessary to further describe the proceedings in this opinion.

The Rule 60(b) motion is directed to the judgment entered in the class action upon an approved settlement. The basis for the motion asserted by appellant was his lack of knowledge of the fact that criminal investigations had been made of the activities of certain of the Four Seasons corporate officer defendants at the time the settlement was agreed upon. The record shows that the subjects of the criminal investigations were known at the time of settlement to the class attorneys, to the judge, to the actual parties, and to the public by a news item. These investigations had been disclosed during the class action proceedings. Appellant asserts he had no knowledge thereof at the time judgment was entered.

▮ The appellant was an absent member of the class at the time the settlement was under consideration, and was represented by the actual parties in his class and by the class attorneys. Since the facts relating to the criminal investigations were known to the actual parties, this same knowledge must, in the context of the problem before us, be also attributed to appellant. The actual parties and the appellant occupy the same position as to the facts here concerned, and so have the same knowledge thereof. Extensive fact-finding by deposition had been conducted, and much information was developed during pretrial conferences. Some of the SEC material gathered during its investigations was made available to the class action parties. The appellant as an absent class member cannot assert that by his "absence," the extent of his knowledge of the facts was less than that of the actual parties, and so place himself in a different position as to this problem.

▮ Appellant is thus estopped as a matter of law from asserting a lack of knowledge as to the existence of the criminal investigations which culminated in indictments. Since this is the basic point advanced to support several

grounds described in his Rule 60(b) motion, and with the lack of knowledge element removed, the motion must fail insofar as it is based thereon.

■ Furthermore the appellant by his inaction was bound by the acts and the stated positions taken by the class attorneys in regard to the settlement to the same extent as are the actual parties in the class. *See Powell v. Pennsylvania R.R.*, 166 F.Supp. 448 (E.D.Pa.), and 267 F.2d 241 (3d Cir.). He thus participated in the settlement. There is no assertion seriously made that the typicality requirement was not met in the class action. *See In re Four Seasons Securities Laws Litigation, Andersen v. State of Ohio*, 502 F.2d 834 (10th Cir.).

■ The attack by the appellant on the judgment contains a mixture of interrelated issues. The absence of advice as to the possible criminal proceedings is also advanced as a due process deficiency and Rule 23 inadequacy of the combined notice of the class and of the settlement. This notice was more than sufficient to apprise the appellant of the nature of the action; that two classes had been designated; the positions of the various parties; the nature and terms of the proposed settlement; that a hearing would be held on the settlement on a stated day; that class members could opt in or out; that appellant would be bound by the judgment if he did not opt out; that an entry of appearance could be made; and if not made the class attorneys would represent appellant's interests; that the court file was available for examination, and that questions could be asked of personal counsel or class counsel. Thus the notice was far more than adequate. *In re Four Seasons Securities Laws Litigation*, 502 F.2d 834 (10th Cir.). The notice given to appellant is also well within bounds as a discretionary matter for the trial court. *See Greenfield v. Villager Industries, Inc.*, 483 F.2d 824 (3d Cir.) (a Rule 23(c)(2) case).

■ The appellant was well aware through the notice that he could make further investigation of the basis for and background of the settlement. The court files were expressly suggested to him, the hearing date was stated, and the possibility of questions to his counsel was indicated. Appellant however made no effort to utilize the suggested sources, and cannot now be heard to complain that he did not know what they would have revealed. No one withheld information from appellant. Instead his lack of knowledge came about from his own failure to inform himself as to a matter he now complains was unknown to him. Thus, if the notice met the due process requirements, and we hold that it did; and if it met the standards in the rule, and again it did; as to anything beyond that by way of facts the appellant had the duty to ascertain on his own in deciding to opt in or out, or for any other reason. There was no indication whatever of fraud in connection with the settlement for Rule 60(b) relief or in any other context.

The emphasis in appellant's oral argument before this court was that the settlement was not a good one for his class in that more money should have been exacted from those defendants who were corporate officers to improve the settlement. This argument appears to be the fundamental one in appellant's position. The settlement negotiations, hearings, and court consideration of it were obviously part of the prejudgment proceedings and an important part. This was the time when the actual parties and the class attorneys were acting in their representative capacity. The appellant was, of course, an absent class member. He had not entered an appearance, engaged counsel, or otherwise surfaced from the some 16,000 members of the classes. Appellant had not acted in any way to bring himself within the traditional framework of the litigation as he could have by an appearance or by seeking to intervene. Notice of designation of classes and of the proposed settlement with a hearing date thereon was sent to appellant as above described. He filed no objection and made no appearance,

and thereafter indicated he wanted to participate in the proceeds of the settlement. He opted in as did more than 15,000 others. He had done nothing to set himself apart from the thousands of others or to terminate, as to him, the representative position of the actual parties or their attorneys.

■ Appellant was thus advised of the hearings and proceedings, but took no action to more closely identify himself with the court proceedings in any way. By this failure we must hold that he cannot now object to the nature or adequacy of the settlement; he is not a "party" to enable him to do so by attacking under Rule 60(b) the judgment based thereon, assuming that the rule is a proper device to raise such an issue as under Rule 60(b)(6)—"any other reason."

In *Research Corp. v. Asgrow Seed Co.,* 425 F.2d 1059 (7th Cir.), the court speaks of the failure by appellants to take some affirmative action to challenge a settlement otherwise they do not preserve their right of *appeal.* Since the court in *Asgrow* dismissed the appeal it would appear that the defect was considered to have some "jurisdictional" aspects, thus the appellant could not take the appeal. The appellant here, in asserting that the settlement was a poor one, seeks to attack a determination on the merits of the controversy, followed by a final judgment based thereon. This he cannot do. In *Andersen v. Ohio (Four Seasons),* 502 F.2d 834 (10th Cir.), we considered somewhat similar arguments made by the State of Ohio, on a Rule 60(b) motion. We cited and quoted from the *Asgrow* case, and held that the Rule 60(b) relief should have been denied for rea-

sons similar to those expressed in *Asgrow.* The same result must follow here.

It is apparent from the decisions that absent class members have been considered "parties" for some purposes but not for others. The fact that absent class members are bound by a judgment does not in itself provide an answer in this attack on the adequacy of the settlement. The Supreme Court held in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713, that class members were "parties" who were protected from the consequences of the expiration of a period of limitations during an action later decertified. The decisions on discovery, *Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir.), and *Wainwright v. Kraftco Corp.,* 54 F.R.D. 532 (N.D.Ga.), reached opposite conclusions. *See also Fischer v. Wolfinbarger,* 55 F.R.D. 129 (W.D.Ky.). As to liability for costs, *see Lamb v. United Security Life Co.,* 59 F.R.D. 44 (S.D.Iowa). The court in *Manhattan-Ward, Inc. v. Grinnell Corp.,* 490 F.2d 1183 (2d Cir.), considered the excusable neglect aspect of Rule 60(b), but did not expressly consider party status. *Donson Stores, Inc. v. American Bakeries Co.,* 58 F.R.D. 485 (S.D.N.Y.), considered Rule 13.

We hold, as above indicated, that the appellant did not become a party for the purposes of Rule 60(b) to enable him to challenge the adequacy or nature of the settlement agreement nor the adequacy of the judgment based thereon.

The result reached by the trial court was correct.

Affirmed.