## In re FOUR SEASONS SECURITIES LAWS LITIGATION.

*Randolph Phillips v. Francis Santangelo,*
S.D. New York, Civil Action No.
76 Civ. 4174.

### No. 55.

Judicial Panel on Multidistrict Litigation.

Sept. 30, 1976.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, and ANDREW A. CAFFREY, Judges of the Panel.

## PER CURIAM.

The Panel has previously transferred several actions in the above-captioned litigation to the Western District of Oklahoma and with the consent of that court, assigned them to the Honorable Roszel C. Thomsen, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See, e. g., In re Four Seasons Securities Laws Litigation,* 328 F.Supp. 221 (Jud.Pan.Mult.Lit.1971); 331 F.Supp. 559 (Jud.Pan.Mult.Lit.1971); 344 F.Supp. 1404 (Jud.Pan.Mult.Lit.1972); 352 F.Supp. 962 (Jud.Pan.Mult.Lit.1972); 352 F.Supp. 964 (Jud.Pan.Mult.Lit.1973); 355 F.Supp. 1405 (Jud.Pan.Mult.Lit.1973); 361 F.Supp. 636 (Jud.Pan.Mult.Lit.1973); 373 F.Supp. 975 (Jud.Pan.Mult.Lit.1974). Since the *Santangelo* action appeared to share common factual issues with the litigation before Judge Thomsen, the Panel entered

an order conditionally transferring it to the Western District of Oklahoma for inclusion in the Section 1407 pretrial proceedings. Plaintiff appearing *pro se* has filed a motion to vacate the conditional transfer order, while defendant favors transfer.[1] We find that this action raises questions of fact common to the previously transferred actions and that its transfer to the Western District of Oklahoma under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

In the litigation in the transferee district, Judge Thomsen has approved a class action settlement while several remaining actions have been terminated by settlement or otherwise. Judge Thomsen's opinion approving the class settlement provides as follows:

> [T]he settlement includes all claims which have been or could be asserted by or on behalf of the classes, or any member thereof, arising out of or relating to any act or omission relating to the Four Seasons companies, and other related or affiliated companies, or relating to the business, management or financial statements of any of the Four Seasons companies, or transactions in the securities or commercial paper of any of the Four Seasons companies, prior to the date of entry of the final judgment provided for in the order, whether or not asserted in the class actions. . . . [This judgment will] [b]ar forever the prosecution against the defendants or anyone else of any and all settled claims by any member of the classes, except those who have opted out. *In re Four Seasons Securities Laws Litigation*, 58 F.R.D. 19, 33–34 (W.D.Okl.1972).

Randolph Phillips, an absent member of the class embraced in the class settlement approved by Judge Thomsen, is the plaintiff in both the action presently before the Panel and one of the actions previously transferred to Oklahoma. *See In re Four Seasons Securities Laws Litigation, Randolph Phillips v. Jack L. Clark et ux.*, 373 F.Supp. 975 (Jud.Pan.Mult.Lit.1974). In *Clark*, plaintiff sued one of the principal defendants in the class settlement, a former board chairman of Four Seasons, seeking to recover losses suffered in transactions involving Four Seasons securities. Shortly after that action was transferred under Section 1407, Phillips moved for summary judgment. When met by a cross-motion for summary judgment based on the class action settlement as a bar, Phillips sought to be relieved from the judgment in the class settlement by filing a motion under Rule 60(b), *Fed.R.Civ.P.* This motion and several supplementary motions were denied by the transferee court. *In re Four Seasons Securities Laws Litigation*, 63 F.R.D. 422 (W.D. Okl.1974), *supplemented*, 64 F.R.D. 325 (W.D.Okl.1974). The Court of Appeals for the Tenth Circuit affirmed. *In re Four Seasons Securities Laws Litigation*, 525 F.2d 500 (10th Cir. 1975). We are advised that the cross-motions for summary judgment are still before the transferee court.

In the action now before the Panel, plaintiff again seeks to recover, under the federal securities laws, damages sustained as a result of his having traded in Four Seasons securities in 1969 and 1970, during the period included in the class action settlement. The damages sought in this action are virtually identical to those claimed in the class action proceedings and in *Clark*. The sole defendant is Mr. Santangelo, who was a specialist for the American Stock Exchange in the stock of Four Seasons. He was apparently neither a named defendant in the

---

1. The hearing in this action originally was scheduled for March 26, 1976. Because of plaintiff's ill health, the hearing was postponed for one month and reset for April 23, 1976. On April 22, 1976, the day before the rescheduled hearing, plaintiff informed the Clerk of the Panel by telephone that he had mailed a motion requesting that oral argument again be postponed for at least another month. This motion was not received by the Clerk of the Panel until April 29, 1976, six days after the hearing. Since none of the parties was present when the matter was called at the April hearing, and since at that time no motion for postponement of the already rescheduled hearing was properly before the Panel, the question of transfer under Section 1407 was deemed submitted on the briefs pursuant to Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

class actions nor did he contribute to the settlement therein. The previously quoted passage from Judge Thomsen's opinion approving the class settlement, however, purports to bar actions against not only the defendants but also anyone else.

Plaintiff asserts that there are no substantial common questions of fact involved in this action and the remaining actions pending in the Western District of Oklahoma. Only the jurisdictional and damage allegations are common to the complaint in this action and that in *Clark*, he argues, and the other action before Judge Thomsen currently involves only allegations of wrongdoing against the accountants for Four Seasons. Phillips also maintains that there is no genuine issue of fact as to whether the judgment approving the class action settlement applies to Santangelo, because Santangelo was neither a party to the class actions nor a contributor to their settlement. In addition, plaintiff points out that his executed release in the class action settlement purported to preserve his right to sue the American Stock Exchange for damages, and he alleges that Santangelo was a member of AMEX at all material times. At any rate, Phillips asserts, any question as to the scope and effect of the judgment approving the class action settlement is purely a question of law. A common question of law, he argues, independent of common questions of fact of a substantial nature, is not a basis for Section 1407 transfer.

We do not find plaintiff's arguments persuasive. On the basis of the record before us, *Santangelo* appears to raise factual questions common to the previously transferred litigation concerning the effect of the class settlement on his claims. In addition, an examination of the complaints in *Santangelo* and the actions in transferee district reveals the existence of significant common questions of fact concerning the allegedly fraudulent activities detrimental to the value of Four Seasons securities. We note that the *Santangelo* complaint includes allegations that defendant violated Sections 10(b) and 11(b) of the Securities Exchange Act of 1934, in part, by maintaining undisclosed social and financial relationships with Mr. Clark and other Four Seasons officials. Thus, as we have emphasized throughout this litigation, Judge Thomsen, who is uniquely well versed in every aspect of the action involving Four Seasons, is in the best position to resolve these issues quickly and with a minimum of pretrial effort by the parties, the witnesses and the judiciary. *See, e. g., In re Four Seasons Securities Laws Litigation*, 373 F.Supp. 975, 976 (Jud.Pan.Mult.Lit.1974); 355 F.Supp. 1405, 1406 (Jud.Pan.Mult.Lit.1973); 352 F.Supp. 964, 965–66 (Jud.Pan.Mult.Lit. 1973).

IT IS THEREFORE ORDERED that the action entitled *Randolph Phillips v. Francis Santangelo*, S.D. New York, Civil Action No. 76 Civ. 4174, be, and the same hereby is, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions in the above-captioned litigation which are pending in that district.