JOHN ALDEN, GEORGE BEHRMANN, CARROLL LINDLEY, CLIFFORD POULTON, HOWARD GILB, VIRGINIA CAVANAGH ALLEN, and L. F. McDIVITT, Plaintiffs-Appellees, *v.* KONA PALISADES, INC., a Hawaii Corporation, KONA PALISADES ESTATES COMMUNITY ASSOCIATION, a Hawaii Non-Profit Corporation, JOANN WILLIAMS, FRANK D'AGOSTINE, RICHARD CLARK, GEORGE PARKER, HENRY SILVA, RICHARD MOODY, PETER DeSERPE and DOES 1-20, Individually and as Officers, Directors, Agents or Employees of Kona Palisades Estates Community Association, Defendants-Appellants,

AND

KONA PALISADES ESTATES COMMUNITY ASSOCIATION, A Hawaii Non-Profit Corporation, Third-Party Plaintiffs-Appellants, *v.* J. CARL OSBORNE, Trustee in Re-Organization for THC FINANCIAL CORP., a Hawaii Corporation, Third-Party Defendant-Appellee

NO. 7825

(CIVIL NO. 5748)

FEBRUARY 25, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Kona Palisades, Inc. (Association) appeals the granting of summary judgment and permanent injunctive relief against it for violation of a restrictive covenant.

Based upon the record before us, we hold that summary judgment was improperly granted and reverse.

This action has its genesis in an earlier class-action suit filed by the Kona Palisades Estates Community Association (Association) on behalf of its membership against the THC Financial Corporation (THC).[1] As can be determined from the notice of the proposed settlement which was made a part of the record before us, that action was settled in the spring of 1977. The settlement provisions contained, *inter alia,* the following:

1. The Defendant to grant an option for one year to the Kona Palisades Community Association to purchase a lot for $1.00 for use by the Association as a community recreational center. The Association to exercise the option only after it has demonstrated to the Defendant that it has the approved construction plans, construction contract and financing for the improvement approved and signed by all parties. The Defendant to issue a warranty deed with a reverter caluse [sic] that the lot reverts back to the Defendant if the lot is not used for recreation center purposes.

The settlement notice required those members of the class who were opposed to it to file written protest or disapproval by a certain date. *See* Hawaii Rules of Civil Procedure (HRCP) Rule 23(c).

As required by the Declaration of Covenants, Conditions and Restrictions applicable to the Kona Palisades Estates Subdivision, plans were submitted to and approved by the Architectural Committee. On October 12, 1979, the majority of the Association's member-

---

[1] *Kona Palisades Estates Community Association, et al. v. THC Financial Corp.,* Civil No. 3688.

ship voted in favor[2] of expending the necessary funds for the construction of the center.[3] The required permits were then obtained by the Association and construction commenced.

The present complaint for permanent injunctive relief was filed by certain members of the Association to enjoin construction of the center because they claim such construction was in violation of a restrictive covenant, to wit: "2. All of said lots shall be used for single family residence."

The plaintiffs' motion for summary judgment was granted by the court on January 14, 1980. This appeal followed.

The thrust of the Association's argument is that the plaintiffs lack standing to bring this action because they failed to seek redress of their grievance through the channels authorized in the Association's bylaws. The Association also argues that a proper reading of the charter and covenants required the court to order the parties to arbitration pursuant to Hawaii Revised Statutes (HRS) § 658-1.[4] We find little merit to these contentions and are inclined to follow the appellees' view.

However, in this case, we are concerned with the serious factual and legal issues raised by the possibility of participation by the

---

[2] Joann Williams, President of Kona Palisades Estates Community Association, states in her affidavit that:

4. The total number of votes received was 586; of those, 485 voted in favor of the project and 101 were in opposition to the project.

5. Of those voting in favor of the project, we determined that 10 votes were disqualified as not memebers [sic] in good standing of the Association, leaving 475 in favor of the project.

6. We did not determine the number of those voting opposed to the project that were not members in good standing because even if all of the votes in opposition were valid, the number in opposition would still be insufficient to affect our authority to carry through with this project.

[3] No additional assessment was required to be levied against the membership because the Association's treasury was adequate to cover the costs.

[4] The provisions relied upon are as follows:

No structure of any kind shall be erected upon any of said lot until the plans therefore, and location of said structure on the lot or lots have been approved in writing by at least two members of said [Architectural] Committee. . . .

In the event of any dispute between the Declarants and the Buyer, or between the Buyer and owners of other said lots, as to whether any use or proposed use complies with the conditions hereof relating to the use of the property, the same shall be submitted to the Architectural Committee whose decision with respect thereto, shall be final.

present plaintiffs in the action that gave rise to the present dispute. In matters litigated as class actions, the general rule is that a judicially-approved settlement is binding upon the members of the class who have not opted out. HRCP Rule 23(c)(2);[5] 3B MOORE'S FEDERAL PRACTICE ¶ 23.60, 23-468; *see also In Re Four Seasons Securities Laws Litigation,* 525 F.2d 500 (10th Cir. 1975). Neither side has addressed itself to this aspect of the case; and at oral argument, neither was prepared to discuss the effect of the prior class-action settlement on the present abilities of the parties to bring this action.

The record before us fails to answer the questions: (1) Were present plaintiffs given notice and included in the class action? (2) If they were, did they or did they not request exclusion from the class? and (3) If they did not, are they barred from bringing this action for lack of standing or should they be estopped from doing so?

The law is clear, as we have stated innumerable times, that on review of a motion for summary judgment, this court must be satisfied that no arguable factual issues exist and the movant is clearly entitled to judgment as a matter of law. HRCP Rule 56. Our courts have long recognized the policy that summary judgment is a drastic measure to be used sparingly. In this action, we are concerned that there has been an inadequate airing of all of the necessary factual issues involved.

We see sufficient factual and legal issues to overcome the motion for summary judgment; and, accordingly, the judgment is reversed.

*Robert L. Smith (Cohn & Smith,* of counsel) for defendants-appellants.

*Max Crittenden; Gary M. Pakele* on the answering brief *(Crittenden & Love,* of counsel) for plaintiffs-appellees.

---

[5] HRCP Rule 23(c)(2) states:

(c) *Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.*

(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.