## In re STIRLING HOMEX CORPORATION SECURITIES LITIGATION.

### No. 126.

Judicial Panel on Multidistrict Litigation.

Jan. 28, 1975.

See also, D.C., 388 F.Supp. 570.

.Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of ten actions filed in nine different districts involving the sale of stock of the Stirling Homex Corporation, which is presently in Chapter X bankruptcy proceedings in the Western District of New York. Plaintiffs, purchasers of Stirling Homex stock, accuse the corporation, its officers, underwriters and independent auditors of federal securities and common law violations resulting from their alleged misrepresentation or omission of material information in reports filed with the Securities and Exchange Commission and disseminated to the investing public and of trading in Stirling Homex stock on the basis of inside information. Six of the actions are brought as class actions on behalf of various groups of Stirling Homex stock purchasers.

■ Defendant Merrill Lynch, managing underwriter for Stirling Homex preferred stock, moves the Panel for an order transferring all the actions in this litigation to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. While there exists only minimal opposition to the requested transfer, the bankruptcy trustee and several other plaintiffs have urged the Western District of New York as the appropriate transferee forum for this litigation. We find that these actions involve common questions of fact and that transfer of the actions to the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[1]

Certain parties to actions pending in Colorado and Pennsylvania oppose transfer. They argue that their actions are factually and legally isolated from the other actions in this litigation and that transfer would needlessly entangle them in discovery of matters in which they have no interest. Furthermore, plaintiff in the Colorado action asserts that the majority of documents relevant to

---

* Although Judge Weinfeld was not present at the hearing, he has, with the consent of all parties, participated in this decision.

1. To expedite the pretrial processing of this litigation, we previously entered an order transferring these actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. This per curiam opinion embodies the reasons for our decision.

his action are located in Colorado and stresses that the burdensome expense of travelling to a distant transferee forum would discourage many potential small claimants from pressing suit and would stifle the prevailing policy favoring enforcement of securities laws by private shareholders.

The complaints in each of the actions in this litigation contain similar allegations involving the activities of Stirling Homex. In addition, similar F.R.Civ.P. Rule 23 class action requests have been asserted in several actions. Therefore, transfer of all actions to a single district for coordinated or consolidated pretrial proceedings is necessary to avoid duplication of common discovery and inconsistent class action and other pretrial determinations. Furthermore, the selection of a distant forum as the transferee forum for this litigation will not necessarily mean increased expenses to a particular litigant. Indeed, as a result of the judicious use of liaison and lead counsel and other recommendations contained in the *Manual for Complex Litigation* throughout the course of these coordinated or consolidated pretrial proceedings, all litigants are likely to experience a more expeditious resolution of the claims asserted and at a substantial savings of time and expenses.

Although the majority of the parties favor the Southern District of New York as the most appropriate transferee forum for this litigation, several parties urge the Western District of New York as the transferee forum because the Stirling Homex reorganization proceedings and its home offices are located there. It is true that in prior securities fraud litigation, where bankruptcy proceedings against the primary corporate defendant are also involved, the Panel has transferred all actions for Section 1407 treatment to the district where the bankruptcy proceedings are pending. *See, e. g.,* In re Penn Central Securities Litigation, 322 F.Supp. 1021 (Jud.Pan. Mult.Lit.1971); In re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (Jud.Pan.Mult.Lit.1971). Nevertheless, with respect to this litigation, we find persuasive countervailing reasons favoring transfer of these actions to the Southern District of New York.

■■ Initially, we adhere to our determination in both the *Penn Central* and *Four Seasons* litigations, *supra,* that the Section 1407 transferee judge should be a judge other than the judge who has responsibility for the reorganization proceedings. And we continue to recognize the desirability, if not the necessity, of coordinating the proceedings in the bankruptcy court with those in the transferee court in order to effectuate the just and efficient conduct of both proceedings. There is nothing inherent in either of those principles, however, that requires transfer of actions for coordinated or consolidated pretrial proceedings under Section 1407 to the situs of the bankruptcy proceedings. The desired coordination between the bankruptcy and transferee courts can just as easily be achieved irrespective of whether both assigned judges are located in the Western District of New York or one is located there and the other in the Southern District of New York.

In the instant litigation, there are several reasons favoring the Southern District of New York as the appropriate transferee forum. Perhaps the most compelling is the familiarity of Judge Dudley B. Bonsal of that district with this litigation. Judge Bonsal has already ruled on a variety of motions in the actions pending before him, including a determination that one of the actions may proceed as a class action pursuant to Rule 23, Federal Rules of Civil Procedure. In addition, he has supervised the initial discovery against the defendant underwriters and accountants and other individual defendants. Furthermore, we have also transferred actions in a companion litigation involving Stirling Homex Corporation to the Southern District of New York and, with the consent of that court, assigned them to Judge Bonsal for Section 1407 proceedings. In re Multidistrict Litigation Involving Banking Agreements with Stirling Homex Corporation, 388 F. Supp. 572, (Jud.Pan.Mult.Lit., filed Jan.

**570**

28, 1975). Because of Judge Bonsal's extensive familiarity and involvement with litigation concerning Stirling Homex, judicial time and resources can best be conserved by transferring the actions in this litigation to the Southern District of New York.

Moreover, except for Stirling Homex and its officers and directors, the majority of the documents and witnesses relevant to plaintiffs' claims are located in the Southern District. And a documentary depository has already been established there. We perceive little overall inconvenience to any of the parties urging the Western District of New York in transferring this litigation to the Southern District of New York.

It is therefore ordered that the actions listed on the appended Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

### SCHEDULE A

#### District of Colorado

Arthur E. Risley v. Merrill Lynch, Pierce, Fenner & Smith, Inc. — Civil Action No. C–4641

#### District of Maryland

Frank R. Cancelotta, Jr. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. — Civil Action No. 72–1186–H

#### Eastern District of Michigan

Joseph Gittleman, et ux. v. Merrill Lynch, Pierce, Fenner & Smith Inc. — Civil Action No. 39055

#### District of Minnesota

Terry F. Tobeck, etc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc. et al. — Civil Action No. 4–73 Civ. 22

#### Western District of Missouri

Rolf Stanford v. Merrill Lynch, Pierce, Fenner & Smith Inc. — Civil Action No. 20613–3

#### Southern District of New York

Gregory Jezarian, et al. v. Frank Csapo, et al. — Civil Action No. 72 Civ. 1671

Daniel C. Aguirre v. Merrill Lynch, Pierce, Fenner & Smith, et al. — Civil Action No. 72 Civ. 4744

#### Western District of New York

H. E. Jones, et al. v. David Stirling, Jr., et al. — Civil Action No. 1972–579

#### Southern District of Ohio

Richard DeCoursey, et al. v. Stirling Homex Corp., et al. — Civil Action No. 8632

#### Eastern District of Pennsylvania

David Steinberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al. — Civil Action No. 72–234–1