**In re STIRLING HOMEX CORPORATION SECURITIES LITIGATION.**

*Monte Friedkin, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* N. D. Ohio, Civil Action No. C–73–466.

**No. 126.**

Judicial Panel on Multidistrict Litigation.

Jan. 28, 1975.

See also, D.C., 388 F.Supp. 567.

---

Before ALFRED P. MURRAH*, JOSEPH S. LORD, III*, and STANLEY Chairman, and JOHN MINOR WISDON, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

■ The Panel previously transferred all actions in this litigation to the Southern District of New York and, with the consent of that court, assigned them to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Stirling Homex Corporation Securities Litigation, 388 F.Supp. 567 (1975). The above-captioned tag-along action was conditionally transferred by the Panel to that district. Rule 12, Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 53 F.R.D. 119, 123 (1971). Plaintiffs move to vacate the conditional transfer order, while defendant supports transfer of the action pursuant to Section 1407. We find that this action involves questions of fact common to the previously transferred actions and that its transfer to the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs charge defendant with federal securities and common law violations in connection with their purchases of Stirling Homex securities. They concede the existence of some questions of fact common to their action and the previously transferred actions, but they argue that their discovery will be mostly local and that they will not benefit from participation in the coordinated or consolidated pretrial proceedings in New York.

We do not agree. Plaintiffs have already filed discovery requests that are nationwide, not local, in scope. And their requests are duplicative of discovery sought by plaintiffs in the transferee court. Clearly, the reports and recommendations of Merrill Lynch regarding Stirling Homex securities and questions of fact concerning the financial condition of Stirling Homex and Merrill Lynch's knowledge thereof are common to this action and the previously transferred actions. Thus, transfer of this action for coordinated or consolidated pretrial proceedings with the other actions will prevent duplication of common discovery and unnecessary inconvenience to the parties and their witnesses.

■ Furthermore, plaintiffs misconstrue the purposes of Section 1407 proceedings. With the guidance of the transferee judge, they can pursue their local discovery at the same time that the common discovery supervised by the transferee judge is taking place. At the conclusion of the common pretrial proceedings between this action and the other actions in the Southern District of New York, plaintiffs' action will be remanded by the Panel to the Northern District of Ohio. 28 U.S.C. § 1407(a). If the local discovery is completed at the time of remand, it is likely that the action will be ready for trial. Thus, plaintiffs' participation in the coordinated or consolidated pretrial proceedings is sure

---

* Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

to expedite the ultimate resolution of plaintiffs' claims.

It is therefore ordered, that pursuant to 28 U.S.C. § 1407, the action entitled Monte Friedkin, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., N.D.Ohio, Civil Action No. C–73–466, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation pending in that district.