In re **MULTIDISTRICT LITIGATION IN-VOLVING BANKING AGREEMENTS WITH STIRLING HOMEX CORPO-RATION.**

**No. 133.**

Judicial Panel on Multdistrict Litigation.

Jan. 28, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

This litigation consists of four actions in four districts brought by former controlling officers and shareholders of Stirling Homex Corporation. The defendants in all of the actions are members of a banking consortium with whom Stirling and a subsidiary dealt in attempting to secure adequate financing for their operations. Plaintiffs allege that the nine defendant banks violated

the federal securities laws and committed common law fraud by falsely representing their intention to extend credit to Stirling and its subsidiary. The complaints in each of the actions also contain identical F.R.Civ.P. Rule 23 class allegations.

Plaintiffs move the Panel for an order transferring the actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] All parties concede that transfer of these actions to a single district is necessary in order to prevent unnecessary duplication of discovery and inconsistent class action determinations. We agree and find that these actions involve common questions of fact and that their transfer to the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[2]

The only controversy among the parties concerns the appropriate transferee forum for this litigation. Plaintiffs and all defendants, except Marine Midland Bank, favor the Southern District of New York. Marine Midland urges that the Western District of New York be selected as the transferee forum because the Stirling Homex Chapter X bankruptcy proceedings are pending there and Stirling's home offices and certain relevant documents and witnesses are located there. And it also argues that these actions should be assigned to the judge assigned the reorganization proceedings in that district.

We have previously held, however, that because of the "potential conflict between the rehabilitative purpose of [Chapter X] reorganization and Section 1407's goal of expeditious pre-trial proceedings" the Section 1407 transferee judge should be a judge other than the one who has responsibility for the reorganization proceedings. In re Four Seasons Securities Laws Litigation, 328 F. Supp. 221, 224 (Jud.Pan.Mult.Lit.1971); In re Penn Central Securities Litigation, 322 F.Supp. 1021, 1023 (Jud.Pan.Mult. Lit.1971). That principle remains equally valid in this litigation.

Marine Midland's arguments provide little support for transfer of these actions to the Western District of New York. All the negotiations between the banks and Stirling Homex took place in the Southern District of New York. In addition, it is alleged that the officers of the Chemical Bank in New York played a lead role in the negotiations. Thus, much of plaintiffs' discovery will concern witnesses and documents in New York City. Clearly, the focal point of this litigation is the Southern District of New York.

An additional factor supporting transfer of these actions to the Southern District of New York is the familiarity of Judge Dudley B. Bonsal with the issues in this litigation as well as those in another multidistrict securities litigation involving Stirling Homex. In re Stirling Homex Corporation Securities Litigation, 388 F.Supp. 567 (Jud.Pan.Mult. Lit.1975). The assignment of these actions to Judge Bonsal will conserve judicial time and resources and assure the expeditious termination of all pretrial proceedings in both groups of litigation.

It is therefore ordered that the actions listed on the appended Schedule A and pending in districts other than the

---

1. Since venue against four of the defendant banks was proper only in the banks' home districts, 12 U.S.C. § 94, plaintiffs were forced to file these virtually identical actions in four different districts. The Panel's authority to transfer these actions pursuant to 28 U.S.C. § 1407, however, is not encumbered by venue considerations. *See* In re Great Western Ranches Litigation, 369 F.Supp. 1406, n. 1 (Jud.Pan.Mult.Lit.1974);

In re Westec Corp., 307 F.Supp. 559, 562, n. 8 (Jud.Pan.Mult.Lit.1969).

2. To expedite the pretrial processing of this litigation, we previously entered an order transferring these actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. This per curiam opinion embodies the reasons for our decision.

Southern District of New York be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

SCHEDULE A

**Southern District of New York**

| David Stirling, Jr. & William G. Stirling v. Chemical Bank, et al. | Civil Action No. 72 Civ. 4476 |

**District of New Jersey**

| David Stirling, Jr. & William G. Stirling v. First National State Bank of New Jersey, et al. | Civil Action No. 1957–72 |

**Northern District of Illinois**

| David Stirling, Jr. & William G. Stirling v. First National Bank of Chicago, et al. | Civil Action No. 72C 3136 |

**Western District of Tennessee**

| David Stirling, Jr. & William G. Stirling v. Union Planters National Bank, et al. | Civil Action No. 72–429 |