### In re STIRLING HOMEX CORPORATION SECURITIES LITIGATION.

*R. C. Fernon, Jr., et ux. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* M.D.Fla., Civil Action No. 75–490 Civ. TK.

**No. 126.**

Judicial Panel on Multidistrict Litigation.

Dec. 3, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Southern District of New York and, with the consent of that court, assigned them to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Stirling Homex Corporation Securities Litigation*, 388 F.Supp. 567 (J.P.M.L.1975); 388 F.Supp. 570 (J.P.M.L. 1975). Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Southern District of New York.[1] Plaintiffs move the Panel for an order vacating the conditional transfer order. Defendant opposes the motion.

We find that this action raises questions of fact common to the actions previously transferred to the Southern District of New York and that its transfer to that district for Section 1407 proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[2]

In December 1971 and February 1972 the two plaintiffs in this action purchased a total of 600 shares of Stirling Homex securities from a broker at the Tampa, Florida, office of defendant Merrill Lynch, Pierce, Fenner & Smith. In March and August 1972 they sold these 600 shares to defendant, sustaining a loss of approximately $8,600. Plaintiffs complain that defendant violated the federal securities laws in connection with the purchase and sale of these securities by failing to disclose material adverse facts and by making misleading statements of material facts. They seek either recovery of their actual damages or rescission of the purchase and sale agreements.

The plaintiffs contend that all the parties and witnesses are located in Tampa, Florida, and that pretrial of *Fernon* can be more justly and efficiently conducted in the Middle District of Florida than in the Southern District of New York. Moreover, it is asserted that transfer would benefit only defendant Merrill Lynch and would be detrimental to plaintiffs whose income and resources are small compared to those of defendant.

We are persuaded that transfer of *Fernon* is warranted. These plaintiffs complain of precisely the same type of conduct as the plaintiffs allege in all but one of the actions that were previously transferred and, consequently, *Fernon* shares common questions of fact with them. For example, the statements made by defendant regarding Stirling Homex's securities, defendant's knowledge of Stirling Homex's financial condition and the reasonableness of defendant's investigation of Stirling Homex are matters that will be explored commonly during discovery. Moreover, defendant contends that any purported statements of its Tampa employees were

---

* Judge Murrah took no part in the consideration or decision of this matter.

1. See R.P.J.P.M.L. 9, 65 F.R.D. 253, 259–60 (1975).

2. All parties waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65 F.R.D. 253, 264 (1975), the question of transfer of this action under Section 1407 was submitted on the briefs.

based, at least in part, on Merrill Lynch research reports and that these reports were based, in turn, on materials provided by Stirling Homex. Thus, as in the previously transferred actions, plaintiffs' claims and defendant's defenses hinge on the fraud allegedly perpetrated by Stirling Homex and others. As a result, transfer is necessary in order to avoid duplicative discovery. *See In re Equity Funding Corporation of America Securities Litigation*, 396 F.Supp. 1277, 1279 (J.P.M.L.1975); *In re Four Seasons Securities Laws Litigation*, 352 F. Supp. 962, 963 (J.P.M.L.1972).

Furthermore, we are confident that Section 1407 treatment will allow the *Fernon* plaintiffs to experience a net savings of time, effort and expenses through pooling their resources with other plaintiffs in the transferee district who share similar interests. Of course, transfer of this action to New York does not mean that all discovery must occur there. For example, if any party seeks the deposition of a witness who resides in Tampa, the witness will likely be deposed there. *See* Fed.R.Civ.P. 45(d)(2).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled *R. C. Fernon, Jr., et ux. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, M. D.Florida, Civil Action No. 75–490 Civ. TK, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.